[No. B203093. Second Dist., Div. Seven. Jan. 12, 2009.]

MELINDA BIRKE, a Minor, etc., Plaintiff and Appellant, v.
OAKWOOD WORLDWIDE et al., Defendants and Respondents.

Counsel

Law Office of Michael R. Sohigian, Michael R. Sohigian and Johnny Birke for Plaintiff and Appellant Melinda Birke.

Colantuono & Levin, Michael G. Colantuono and Michael A. Morguess for American Lung Association of California as Amicus Curiae on behalf of Plaintiff and Appellant.

Kinsella Weitzman Iser Kump & Aldisert, Dale F. Kinsella, Gregory P. Korn, Jeremiah Reynolds and Amber Holley for Defendants and Respondents.

Opinion

**WOODS, J.**—Appellant Melinda Birke (Birke), through her father and guardian ad litem John Birke, filed suit against Oakwood Worldwide (Oakwood) alleging a nuisance cause of action arising out of the failure of Oakwood to limit secondhand smoke in the outdoor common areas of the residential apartment complex where the Birke family resided. The trial court sustained Oakwood's demurrer to the first amended complaint without leave to amend.

Whether or not her claims can survive a properly supported summary judgment motion, let alone prevail following a trial, this court believes Birke has pleaded a cause of action for public nuisance sufficient to withstand a demurrer. (See *Perdue v. Crocker National Bank* (1985) 38 Cal.3d 913, 922 [216 Cal.Rptr. 345, 702 P.2d 503] [in evaluating the sufficiency of a complaint, " 'the question of plaintiff's ability to prove [her] allegations, or the possible difficulty in making such proof does not concern the reviewing court' "].) Accordingly, we reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Oakwood manages and operates numerous apartment complexes including the Oakwood Apartments in Woodland Hills, California, where Birke and her parents resided. Oakwood has had a long-standing policy prohibiting smoking in all indoor units and indoor common areas but permits smoking in the outdoor common areas to accommodate tenants and guests who smoke. Oakwood declined previous requests of the father John Birke to ban smoking in the outdoor common areas.

### The initial complaint

On June 29, 2006, Birke, by and through her guardian ad litem, filed a complaint against Oakwood alleging a single cause of action for public

nuisance. At that time Birke was a five-year-old girl who lived with her parents in the Oakwood complex. The complaint alleged that Oakwood "allowed, encouraged and approved a toxic, noxious, hazardous, offensive— and in fact carcinogenic—condition to be present in all of the outdoor common areas of the complex" including near the swimming pools, common barbeque areas, playground areas, and outdoor dining areas. The complaint asserted that secondhand smoke was "harmful to health," "indecent and offensive to the senses," and "obstructed the free use of the property, so as to interfere with the comfortable enjoyment of life or property by residents of [Oakwood]." The complaint also cited California Air Resources Board (CARB) and United States Surgeon General findings that secondhand smoke is "an airborne toxic substance that may cause and/or contribute to death or serious illness," "there is no risk-free level of exposure to secondhand smoke," and that nonsmokers have increased risks of heart disease and lung cancer when exposed to secondhand smoke. The complaint did not allege that the general public suffered from respiratory distress; rather, it alleged the general public suffers an increased risk of *heart disease* and *lung cancer* and those are different in kind from the aggravation of allergies and asthmatic symptoms that Birke suffered from.

### Oakwood's demurrer

On September 18, 2006, Oakwood demurred to the complaint for public nuisance claiming that Birke lacked standing under Civil Code section 3493, which provides that individuals may assert claims for public nuisance only where they have suffered a special injury that is different in kind, not just degree, from the general public. The demurrer noted that even if Birke were to assert a private nuisance claim, as a minor with no personal tenancy interest in the Oakwood apartment, she would lack standing there also. Oakwood further argued that to the extent Birke has standing, Oakwood did not have a legal duty to prohibit smoking in the outdoor common areas of the complex and thus could not be liable for failing to abate the alleged nuisance.

### Ruling on the demurrer to the initial complaint

On December 5, 2006, the court ruled that while the complaint alleged Birke suffered asthma and allergic reactions as a result of the smoke, there were insufficient facts to show why her asthma and allergic symptoms were of a different kind rather than a different degree. The court relied on *Venuto v. Owens-Corning Fiberglas Corp.* (1971) 22 Cal.App.3d 116 [99 Cal.Rptr. 350] which found that allergies and respiratory disorders are a matter of degree. In addition, the court ruled that while the complaint alleged Oakwood allowed smoking to take place, there were insufficient facts to show Oakwood created or assisted in the creation of the nuisance. The court sustained the demurrer *with* leave to amend the complaint on or before February 2, 2007.

*The first amended complaint*

In January 2007, Birke filed a first amended complaint and repled the claim for public nuisance. Although denominated as a claim for public nuisance, Birke also argued within the first amended complaint that the conditions constituted a "private nuisance." Specifically, the first amended complaint stated: "Also, the nuisance conditions Defendants created, allowed, encouraged and approved constitute a private nuisance, because they substantially interfered as alleged with Melinda's enjoyment of land she occupied." Furthermore, claims under the Americans with Disabilities Act of 1990 (ADA; 42 U.S.C. § 12101 et seq.) and the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.) were added, as were several additional Oakwood-related entities as defendants. The allegations were virtually identical to the initial complaint but an allegation was added that a private security guard for Oakwood smoked a cigarette in the pool area on one occasion.

The allegations of the first amended complaint also included statements that the California primary outdoor air regulatory agency and the highest public health officer in the United States had found secondhand smoke to be a toxin and carcinogen that increases the risk of lung cancer and heart disease at any amount of exposure, and that a growing number of California cities such as Calabasas, Santa Monica and Dublin now prohibit smoking in outdoor public areas as a public nuisance. The complaint alleged that the effect of secondhand smoke on Birke's asthma, which led to three bouts of pneumonia, was a noxious, hazardous and offensive condition which would offend, annoy or disturb an ordinary reasonable person.

The complaint further alleged secondhand smoke in the outdoor common areas interfered with the rights of a substantial community of persons and caused her a different kind of injury, i.e., aggravation of asthma and allergies, than it caused the community (i.e., heightened risk of heart disease and lung cancer); and that the conditions created by Oakwood in the outdoor common areas interfered with the use and enjoyment of those areas by Birke and others. Also, it was alleged that Oakwood's refusal to abate the nuisance was "demonstrably malicious and oppressive, and in frank disregard of the rights and safety of others, and warrant[ed] imposing against Defendants punitive damages, to punish and make examples of Defendants and to deter them and others from similar future acts."

*Demurrer to the first amended complaint*

Oakwood demurred to the first amended complaint claiming Birke again failed to plead facts demonstrating she suffered a special injury, different in

kind from that of the general public, necessary to support a public nuisance claim. Moreover, Oakwood argued Birke failed to plead sufficient facts supporting the allegation that Oakwood created a public nuisance, and the ADA violation claim should fail because the ADA applies to hotels and inns but not apartments and condominiums.

*The trial court sustained the demurrer to the first amended complaint without leave to amend*

Following oral argument, the trial court sustained the demurrer to the first amended complaint without leave to amend.

First, the trial court relied on *Venuto v. Owens-Corning Fiberglas Corp., supra,* 22 Cal.App.3d 116, 124, and found that Birke lacked standing to assert a public nuisance claim because asthma and allergic symptoms are not of a different kind from those suffered by the general public. The trial court also noted that Birke cannot establish a claim of private nuisance, which would only exist if she had a tenancy interest.

In addition, the trial court found insufficient facts were pled to show that Oakwood created or assisted in creating the nuisance. The one incident noted by Birke that an employee of Oakwood smoked a cigarette in the pool area did not constitute a nuisance because the interference must be both substantial and unreasonable and this was not substantial. Also, there was no basis to conclude exposure to secondhand tobacco smoke was unreasonable as a matter of law, and in finding that smoking tobacco outdoors is not a nuisance, the court noted that the law has not traditionally prevented individuals from smoking in public.

Moreover, the court found that under a negligence claim there was no duty created for Oakwood to abate smoking in outdoor public areas, and finally that the ADA does not apply since the Oakwood apartments do not constitute a public accommodation within the meaning of the act. Birke voluntarily dismissed the cause of action for violation of FEHA (Gov. Code, § 12900 et seq.).

Birke has timely appealed the judgment in favor of Oakwood.

On appeal Birke contends (1) the trial court failed to apply appropriate standards to the first amended complaint against the demurrer by failing to presume the truth of the allegations; (2) Birke has standing to sue for public nuisance because the first amended complaint alleges special injury; (3) the trial court erred by focusing on the act of smoking rather than on the offensive condition alleged, namely exposure to secondhand smoke; (4) although duty

need not be alleged for public nuisance, Oakwood owed Birke a duty of care and it breached that duty; (5) even if the public nuisance claim fails, Birke alleged facts that stated a cause of action against Oakwood for negligently increasing her risk of cancer; and (6) the second cause of action for violation of the ADA is a viable claim.[1] Birke also pointed out that in light of the court's view of the special injury requirement, no additional facts could be pled even if given leave to amend. Therefore this appeal is not based on the trial court's failure to grant Birke leave to amend a second time.

## DISCUSSION

### Standard of review

When reviewing a judgment of dismissal following a trial court ruling sustaining a demurrer without leave to amend, "[w]e accept the factual allegations of the complaint as true [citation] but review the . . . complaint de novo to determine whether the facts as pleaded state a cause of action. [Citation.]" (*Medina v. Hillshore Partners* (1995) 40 Cal.App.4th 477, 481 [46 Cal.Rptr.2d 871].)

"A judgment of dismissal entered after the trial court has sustained a demurrer without leave to amend will be affirmed on appeal if any of the grounds stated in the demurrer is well taken." (*E. L. White, Inc. v. City of Huntington Beach* (1978) 21 Cal.3d 497, 504 [146 Cal.Rptr. 614, 579 P.2d 505], fn. omitted.)

### 1. *Public Nuisance*

"The public nuisance doctrine is aimed at the protection and redress of *community* interests and, at least in theory, embodies a kind of collective ideal of civil life which the courts have vindicated by equitable remedies since the beginning of the 16th century." (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1103 [60 Cal.Rptr.2d 277, 929 P.2d 596] (*Acuna*).) "To qualify, and thus be enjoinable, the interference [with collective social interests] must be both *substantial* and *unreasonable*. . . . ' ". . . It is an obvious truth that each individual in a community must put up with a certain amount of annoyance, inconvenience and interference and must take a certain amount of risk in order that all may get on together." ' " (*Id.* at p. 1105.)

The Civil Code defines a public nuisance and the elements that must be pleaded by a private person suing to abate it. Civil Code section 3479

---

[1] On September 8, 2008, the American Lung Association of California filed an application for leave to file an amicus curiae brief in support of appellant, which this court granted without opposition.

provides: "Anything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . is a nuisance." Civil Code section 3480 provides: "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Civil Code section 3493 provides: "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise."

Thus, to adequately plead a cause of action for public nuisance based on the presence of secondhand (or environmental) tobacco smoke in the outdoor common areas of her apartment complex,[2] Birke, through her father as guardian ad litem, must allege (1) Oakwood and the various related entities that manage and operate the apartment complex in Woodland Hills in which the Birke family resides, by acting or failing to act, created a condition that was harmful to health or obstructed the free use of the common areas of the apartment complex, so as to interfere with the comfortable enjoyment of life or property; (2) the condition affected a substantial number of people at the same time; (3) an ordinary person would be reasonably annoyed or disturbed by the condition; (4) the seriousness of the harm outweighs the social utility of Oakwood's conduct; (5) neither Birke nor her parents consented to the conduct; (6) Birke suffered harm that was different from the type of harm suffered by the general public; and (7) Oakwood's conduct was a substantial factor in causing Birke's harm. (See Judicial Council of Cal. Civ. Jury Instns. (2008) CACI No. 2020.)

██ First, as to the assertion that secondhand tobacco smoke at the Oakwood Woodland Hills apartment complex adversely affects a substantial number of people, paragraph 14 of the first amended complaint alleges the condition impacts all guests of the apartment complex whenever any of them are present at one of the three swimming pools, the common barbecue areas, the children's playground or the outdoor dining areas and expressly avers the presence of secondhand tobacco smoke thus "affect[s] a substantial number of people at the same time." Although this may well constitute only a general allegation of ultimate fact, the rules of pleading, with limited exceptions not applicable here, require no more. (See *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 47 [77 Cal.Rptr.2d 709, 960 P.2d 513]; *Lim v. The.TV Corp. Internat.* (2002) 99 Cal.App.4th 684, 690 [121

---

[2] Birke does not allege the act of smoking itself is offensive but rather that the "miasma of toxic and carcinogenic smoke that often surrounds the pool, dining tables, etc.," in the outdoor common areas at the Oakwood apartment complex in Woodland Hills creates a health hazard and constitutes an actionable public nuisance.

Cal.Rptr.2d 333].) A plaintiff need not plead evidentiary facts supporting the allegation of ultimate fact. (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 212 [197 Cal.Rptr. 783, 673 P.2d 660].) The pleading is adequate so long as it apprises the defendant of the factual basis for the claim. (*Ibid.*; *Lim*, at p. 690.)

Second, the trial court, relying on language from *Venuto v. Owens-Corning Fiberglas Corp., supra*, 22 Cal.App.3d 116 (*Venuto*), concluded the individual harm alleged by Birke—aggravation of her asthma and chronic allergies—is different only in degree from the harm allegedly suffered by other members of the community as a result of secondhand tobacco smoke—a substantially increased risk of developing heart disease and lung cancer.[3] We disagree.

The plaintiffs in *Venuto* sued a fiberglass manufacturing company seeking an injunction and damages for a public nuisance, alleging emissions from the plant operated by the defendant contained waste matter that severely polluted the air. (*Venuto, supra*, 22 Cal.App.3d at p. 121.) Three of the plaintiffs also alleged, as a result of the maintenance of this public nuisance, their allergies and respiratory disorders had been aggravated. (*Ibid.*) However, the only allegation in the complaint as to the injury allegedly suffered by other members of the general public "is the claim that such air pollution is 'injuring the health of the citizens of [Santa Clara] County.' There is no allegation as to the nature of the injury to the health of the members of the public." (*Id.* at p. 125.) Recognizing that the plaintiffs in their appellate briefs had suggested "the members of the public are suffering a 'general irritation' " as a result of the air pollution, the court assumed it could infer the public was experiencing "a general irritation to the respiratory tract and that plaintiffs are suffering a more severe irritation to such tract." (*Ibid.*)

Explaining the governing common law rule, codified in Civil Code section 3493, the *Venuto* court stated, "Where the nuisance alleged is not also a private nuisance as to a private individual [that is, where there is no allegation of an interference with a known property right[4]] he does not have a cause of action on account of a public nuisance unless he alleges facts showing special injury to himself in person or property of a character

---

[3] Paragraph 18 of the first amended complaint cites the January 2006 finding by the CARB that environmental tobacco smoke is a toxic air contaminant, "an airborne toxic substance that may cause and/or contribute to death or serious illness." The pleading further alleges in paragraph 19 that in June 2006 the Office of the Surgeon General concluded there is no risk-free level of exposure to secondhand smoke and nonsmokers exposed to secondhand smoke at home or work increase their risk of developing heart disease by 25 to 30 percent and lung cancer by 20 to 30 percent.

[4] A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land. (*San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 937 [55 Cal.Rptr.2d 724, 920 P.2d 669]; Civ. Code, § 3481; see generally Rest.2d Torts, § 821D.)

different in kind from that suffered by the general public." (*Venuto, supra*, 22 Cal.App.3d at p. 124, italics omitted.) The court then concluded any general irritation to the respiratory tract suffered by the public at large and the plaintiffs' aggravated allergies and respiratory disorders were simply different degrees of the same kind of ailments. (*Venuto, supra*, 22 Cal.App.3d at p. 125.) Notably, this conclusion was not dependent on the fact the various illnesses or disorders were all allegedly caused by inhaling the polluted air generated by the defendant's manufacturing plant, but the failure of the plaintiffs to allege with any specificity a different kind of injury they had suffered, as distinguished from the general respiratory irritation endured by other affected residents. In marked contrast, the aggravation of Birke's childhood asthma and chronic allergies alleged in the first amended complaint is not at all similar to the increased risks of heart disease and lung cancer the general public (or that portion of the public who uses Oakwood's outdoor common areas) faces, although both are caused by breathing secondhand tobacco smoke. At the very least, we are not prepared to say, as a matter of law and at the pleading stage of this case, the injuries are of the same kind and simply differ in degree.

In addition, to the extent *Venuto, supra*, 22 Cal.App.3d 116, can be read as precluding an action to abate a public nuisance by a private individual who has suffered personal injuries as a result of the challenged condition, we believe it is an incorrect statement of the law. As the Supreme Court explained more than 110 years ago in *Lind v. City of San Luis Obispo* (1895) 109 Cal. 340, 344 [42 P. 437] (*Lind*), in which the plaintiff and his neighbors were exposed to the offensive effects of a local cesspool, " '[W]hen the alleged nuisance would constitute a private wrong by injuring property or health . . . for which an action might be maintained in favor of a person injured, it is none the less actionable because the wrong is committed in a manner and under circumstances which would render the guilty party liable to indictment for a common nuisance. . . . [A]n injury to private property, or to the health and comfort of an individual, is in its nature special and peculiar and does not cause a damage which can properly be said to be common or public, however numerous may be the cases of similar damage arising from the same cause.' " Much more recently, but to the same effect, the Restatement Second of Torts recognizes, "When the public nuisance causes personal injury to the plaintiff or physical harm to his land or chattels, the harm is normally different in kind from that suffered by other members of the public and the tort action may be maintained." (Rest.2d Torts, § 821C, com. d, p. 96.)[5]

---

[5] The Supreme Court has relied extensively on the Restatement Second of Torts' formulation of the public nuisance doctrine and its various elements found in sections 821A through 821F. (See, e.g., *Acuna, supra*, 14 Cal.4th at pp. 1104–1105; *San Diego Gas & Electric Co. v. Superior Court, supra*, 13 Cal.4th at p. 938.)

■ Finally, with respect to the special injury requirement, *Venuto* itself (which cites *Lind, supra*, 109 Cal. at pp. 343–344, for this point) and a legion of other authorities recognize that, when the nuisance is a private as well as a public one, there is no requirement the plaintiff suffer damage different in kind from that suffered by the general public. (See, e.g., *Venuto, supra*, 22 Cal.App.3d at p. 124.) That is, the plaintiff " 'does not lose his rights as a landowner merely because others suffer damage of the same kind, or even of the same degree . . . .' " (*Ibid.*, quoting Prosser on Torts (3d ed.) p. 609.) Here, Birke has alleged the presence of secondhand smoke interferes with her use and enjoyment of Oakwood's outdoor facilities.

Oakwood maintains the court in *Venuto* held that although any interest sufficient to be dignified as a property right will support an action based on a private nuisance, "such right does not inure in favor of a licensee, *lodger*, or employee." (Italics added.) Oakwood argues, "a legal tenancy right precludes minor children, who are in essence lodgers from asserting claims for private nuisance." We do not agree that a tenant's minor children are lodgers. Rather, we find Birke has the right to enjoyment of the premises as a member of the tenants' family.

■ In *Acadia, California, Ltd. v. Herbert* (1960) 54 Cal.2d 328 [5 Cal.Rptr. 686, 353 P.2d 294], our Supreme Court stated: "It is settled that, regardless of whether the occupant of land has sustained physical injury, he may recover damages for the discomfort and annoyance of himself *and the members of his family* and for mental suffering occasioned by fear for the safety of himself and his family when such discomfort or suffering has been proximately caused by a trespass or a *nuisance*." (*Id.* at p. 337, italics added.)

This court concludes that Birke is not merely a "lodger" and that a child living with her family in a rented apartment has standing to bring a private nuisance claim based on interference with her right to enjoy the rented premises. On this basis, as well, we conclude the first amended complaint adequately addresses the special injury requirement.

Third, the first amended complaint alleges the presence of secondhand smoke is not only "offensive," but also "toxic, noxious, hazardous . . . in fact carcinogenic"; further alleges the secondhand smoke "often pervades" various outdoor common areas at the Oakwood complex; and also alleges Birke is "regularly exposed to this known Toxic Air Contaminant whenever she tries to enjoy the outdoor amenities available to [Oakwood] tenants." To be sure, Birke may not be able to prove the seriousness of the harm she has alleged or establish the harm outweighs the social utility of Oakwood's conduct. (See *Lussier v. San Lorenzo Valley Water Dist.* (1988) 206 Cal.App.3d 92, 106, fn. 10 [253 Cal.Rptr. 470] [finder of fact, not court as a matter of law,

determines whether something not deemed a nuisance per se is a nuisance in fact].)[6] Nonetheless, given the requirement that we liberally construe a pleading (Code Civ. Proc., § 452; see *Heckendorn v. City of San Marino* (1986) 42 Cal.3d 481, 486 [229 Cal.Rptr. 324, 723 P.2d 64]), we do not agree this aspect of the first amended complaint supports sustaining a demurrer without leave to amend.

■ Finally, we hold Birke's allegations of Oakwood's participation in the creation of the nuisance is sufficient to withstand a demurrer. "The fact that the defendants' alleged misconduct consists of omission rather than affirmative actions does not preclude nuisance liability." (*Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903, 920 [162 Cal.Rptr. 194]; see CACI No. 2020 [to establish claim for nuisance, the plaintiff must prove that the defendant "by acting or failing to act, created a condition that . . . was harmful to health [or other enumerated conditions]"].) Here, Birke has alleged that Oakwood, which has banned smoking at enclosed locations in the apartment complex, has encouraged and facilitated the creation of a secondhand tobacco smoke hazard in the outdoor common areas by providing ashtrays for use by tenants and guests who smoke cigarettes and cigars, by permitting its own employees and agents to smoke in those areas of the complex and by refusing the requests of John Birke, Birke's father, that smoking in the outdoor common areas be limited or restricted. The first amended complaint additionally alleges Oakwood, through one of its authorized representatives, has admitted it made an affirmative business decision not to restrict smoking cigarettes in the outdoor common areas, at least in part to aid its effort to market the apartments to an international clientele. In our view, these allegations are sufficient to withstand a demurrer to the nuisance cause of action.

■ Moreover, even if the first amended complaint were construed to allege only a failure to act, which in turn may require a finding that Oakwood has a duty to take positive action to prevent or abate the interference before an actionable nuisance can be established (see *In re Firearm Cases* (2005) 126 Cal.App.4th 959, 988 [24 Cal.Rptr.3d 659]; Rest.2d Torts, § 824), the demurrer should have been overruled. As the Birkes' landlord, Oakwood plainly has a duty to maintain its premises in a reasonably safe condition. (See *Alcaraz v. Vece* (1997) 14 Cal.4th 1149, 1156 [60 Cal.Rptr.2d 448, 929 P.2d 1239]; *Lucas v. George T. R. Murai Farms, Inc.* (1993) 15 Cal.App.4th 1578, 1590 [19 Cal.Rptr.2d 436].) The question is not one of duty, but of breach. That is,

---

[6] Significantly, Birke does not allege the presence of secondhand tobacco smoke is a nuisance per se, which could be enjoined without proof of its injurious nature or a weighing of the utility of Oakwood's conduct against the gravity of the harm. Similarly, Birke does not assert that banning all outdoor smoking anywhere at the Oakwood apartment complex is the only means to abate the nuisance alleged, indicating, for example, that designating smoking and nonsmoking areas or times might satisfactorily resolve the problem. The first amended complaint alleges that Oakwood has rejected all such suggestions.

the issue presented by the first amended complaint is not whether Oakwood has a duty to ban smoking, "an otherwise legal activity in Woodland Hills," but whether, given its indisputable duty to take reasonable steps to maintain its premises in a reasonably safe condition, its failure to impose any type of limitation on smoking in common areas, including swimming pools and the children's playground that Birke has a right to use and enjoy, breached that duty. That question is not properly determined on a demurrer.

## 2. *The ADA*

Birke's cause of action for a violation under the ADA referred to services and accommodations provided by the thousands of units controlled by Oakwood and its affiliates. No specific facts were alleged concerning the Woodland Hills property nor what reasonable accommodations requested by Birke were refused by Oakwood.

■ Oakwood's contention that the ADA does not apply to apartments and condominiums is persuasive. Considerable federal authority is presented to this court to substantiate this principle. As stated by Oakwood, "Although the Act covers public accommodations including 'an inn, hotel, motel, or other place of lodging,' 42 U.S.C. § 12181(7)(A), 'the legislative history of the ADA clarifies that "other place of lodging" does not include residential facilities.' *Indep. Housing Servs. of San Francisco v. Fillmore Center Assocs.* (N.D.Cal. 1993) 840 F.Supp. 1328, 1344 n. 14, citing H.R. Rep.No. 101-485(II), 101st Cong., 2d Sess. 383 (1990), U.S. Code Cong. & Admin. News 1990, p. 267."

In conclusion, we reverse the trial court's order sustaining the demurrer without leave to amend as to the public nuisance cause of action, affirm the order sustaining the demurrer without leave to amend as to the purported cause of action under the ADA, and remand the matter for further proceedings in accordance with the opinion expressed herein.

### DISPOSITION

The judgment is reversed and remanded. Each side to bear its own costs on appeal.

Jackson, J., concurred.

**PERLUSS, P. J.,** Concurring and Dissenting.—I fully agree with the majority's analysis of Melinda Birke's claim for public nuisance based on the presence of secondhand (or environmental) tobacco smoke in the outdoor common areas of her apartment complex and concur in its holding the

trial court erred in sustaining Oakwood Worldwide's demurrer to that cause of action. However, I respectfully dissent from its conclusion Birke has not adequately pleaded a cause of action for violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) (ADA).[1]

The majority accurately states a number of federal cases have held, while transient lodging like inns, hotels and motels is covered by the ADA (42 U.S.C. § 12181(7)(A)),[2] residential housing such as apartments and condominiums is not. (See, e.g., *Indep. Housing Services v. Fillmore Ctr.* (N.D.Cal. 1993) 840 F.Supp. 1328, 1344, fn. 14 ["[T]he legislative history of the ADA clarifies that 'other place of lodging' does not include residential facilities. H.R. Rep. No. 101-485(II), 101st Cong., 2d Sess. 383 (1990)."]; accord, *Phibbs v. Am. Prop. Mgmt.* (D. Utah, Mar. 19, 2008, No. 2:02CV00260 DB) 2008 U.S.Dist. Lexis 21879; *Lancaster v. Phillips Investments, LLC* (M.D.Ala. 2007) 482 F.Supp.2d 1362, 1366–1367.) The ADA implementing regulations, however, expressly provide the ADA applies not only to hotels, motels and inns (establishments identified in the statute itself) but also to boarding houses, dormitories, resorts and other similar places of transient lodging. (28 C.F.R., § 36, appen. A, ¶ 9.1 (2008); see *Regents of Mercers. College v. Rep. Franklin Ins.* (3d Cir. 2006) 458 F.3d 159, 166 [ADA applies to college dormitories].)

Moreover, the fact a facility such as an apartment complex itself may not fall within the ADA's statutory definition of "public accommodation" does not mean the site may not contain one or more of the enumerated public accommodations within its confines. For example, a restaurant or a retail store located on a cruise ship is still a public accommodation subject to the provisions of the ADA, even if the ship itself is not. (*Stevens v. Premier Cruises, Inc.* (11th Cir. 2000) 215 F.3d 1237, 1241 ["That a cruise ship may contain some of the enumerated public accommodations is not in doubt. . . . And, a public accommodation aboard a cruise ship seems no less a public accommodation just because it is located on a ship instead of upon dry land. . . . Very important, Congress made no distinctions—in defining 'public accommodation'—based on the physical location of the public accommodation."].)[3] Similarly, although a model home used only as an example of what

---

[1] As the majority observes, Birke voluntarily dismissed her cause of action for violation of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) (FEHA).

[2] Title 42 United States Code section 12181(7)(A) defines public accommodation for purposes of the antidiscrimination provisions of the ADA to include "An inn, hotel, motel, or other place of lodging."

[3] In *Spector v. Norwegian Cruise Line Ltd.* (2005) 545 U.S. 119, 129 [162 L.Ed.2d 97, 125 S.Ct. 2169] the United States Supreme Court held, "Although the statutory definitions of 'public accommodation' and 'specified public transportation' do not expressly mention cruise ships, there can be no serious doubt that the NCL cruise ships in question fall within both definitions under conventional principles of interpretation." A fractured court also discussed, in

is being offered for sale is a residential property and not a "public accommodation" subject to the ADA, if a room in the model home functions as a sales office, the ADA applies at least to it. (*Sapp v. MHI Partnership, Ltd.* (N.D.Tex. 2002) 199 F.Supp.2d 578, 586.)

In the first amended complaint Birke has attempted to allege the ADA applies to the outdoor common areas at the Oakwood Woodland Hills apartment complex under both of these principles. First, to satisfy the broad definition of transient lodging applicable under the ADA, the complaint alleges, in part, Oakwood Worldwide offers and advertises temporary stay, resortlike facilities throughout California and the United States, offers fully furnished units without leases on a short-term basis and provides maid services in its units if requested by its "guests." In addition, Birke alleges Oakwood Worldwide's apartment complexes include onsite tennis courts and tennis instruction with equipment sales shops, onsite dry cleaning services and provide activities centers and conference rooms for seminars, presentations and events hosted and attended by individuals who are not occupying any unit in the Oakwood property. Second, although perhaps not as clearly articulated, the first amended complaint contains factual allegations sufficient to support the conclusion the swimming pool and playground areas at issue, used by both tenants and guests, are places of recreation within the meaning of title 42 United States Code section 12181(7)(L) ("a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation") even if the apartment complex itself is a residential property and not a public accommodation. (See generally *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 38–39 [77 Cal.Rptr.2d 709, 960 P.2d 513] [demurrer should be overruled if complaint's factual allegations are adequate to state a cause of action under any legal theory].)

In response the majority holds Birke has failed to allege specific facts concerning Oakwood's Woodland Hills complex (rather than Oakwood Worldwide's properties in general) that would bring it within the ADA either as transient lodging or because the specific outdoor common areas at issue fall within one of the other definitions of a public accommodation contained in the ADA. The majority also holds the first amended complaint fails to adequately plead the nature of the reasonable accommodations requested by Birke and refused by Oakwood Worldwide.[4] Although I would hold the first amended complaint in its present form sufficiently alleges a violation of the ADA, at the very least Birke should be given an opportunity to amend the

a series of separate opinions, the extent to which the ADA applies to the internal affairs of foreign-flag cruise ships temporarily in United States waters.

[4] As the majority notes, the first amended complaint alleges Oakwood rejected all of John Birke's requests that smoking be restricted or limited in the outdoor common areas used by his daughter. (See maj. opn., *ante*, at p. 1552, fn. 6.)

pleading to include whatever additional allegations relating specifically to the Woodland Hills Oakwood complex the majority believes are missing. The more general allegations in the first amended complaint and the arguments presented on appeal (including at oral argument) demonstrate Birke is fully prepared to do so.

In sum, I believe the first amended complaint adequately pleads causes of action both for nuisance and for violation of the ADA. I would reverse in their entirety the trial court's orders sustaining the demurrer without leave to amend and dismissing the action and remand the matter for further proceedings.

A petition for a rehearing was denied January 26, 2009, and appellant's petition for review by the Supreme Court was denied April 15, 2009, S170716.