Filed 1/13/14  Rappard v. Abourne House III HOA CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DEREK RAPPARD, | B246006 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC425604) |
| v. | |
| ABOURNE HOUSE III HOA et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert L. Hess, Judge.  Reversed in part with directions.

Peter M. Schnirch for Plaintiff and Appellant.

Willis DePasquale, Larry N. Willis, Colrena K. Johnson and Yvette N. Siegel for Defendants and Respondents.

# I.  INTRODUCTION

Plaintiff, Derek Rappard, appeals from summary judgment in favor of defendants: Abourne House III Homeowners Association (the homeowners association); LB Property Management (the property management company); Katrina Fountain; and Pearl Scott Smith.  Plaintiff argues he should have been permitted to proceed with his nuisance, negligence, and intentional emotional distress infliction causes of action.  The trial court ruled plaintiff did not have standing to sue defendants because he had no ownership interest in the condominium unit.  We agree with plaintiff there is a triable controversy as to whether he has standing to pursue his intentional emotional distress infliction and nuisance causes of action.  We agree with defendants though that plaintiff does not have standing to pursue his negligence claim which was based upon his homeowners association membership.  Thus, we reverse the summary judgment.  As to all other claims, plaintiff has raised no issues.  As any issues concerning any other claim have been waived, we direct that summary adjudication be entered on those causes of action. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4; *Johnston v. Board of Supervisors* (1947) 31 Cal.2d 66, 70 disapproved on another point in *Bailey v. Los Angeles* (1956) 46 Cal.2d 132, 139.)

# II.  BACKGROUND

## A.  Second Amended Complaint

The operative pleading is the second amended complaint filed September 15, 2011.  The second amended complaint alleges claims against:  the homeowners association; Ms. Fountain; Loren Hill; Ms. Smith; and the property management company.  The second amended complaint alleges eight causes of action for: enforcement of inspection rights; unlawful, unfair and fraudulent business practices in violation of Business and Professions Code section 17200 et seq.; breach of fiduciary

duty; breach of the homeowners association's declaration of covenants, conditions and restrictions and bylaws; intentional emotional distress infliction; negligence; declaratory and injunctive relief; and nuisance.

The second amended complaint alleges plaintiff and his wife, Cameron Kay, reside in a condominium unit they purchased on March 17, 2006. As owners of the unit, they are homeowners association members. The second amended complaint alleges on July 30, 2009, Ms. Smith's sister and a group of teenagers slammed a basketball against plaintiff's garage door for over 30 minutes. Ms. Smith was positioned nearby with a camera in hand. Plaintiff, Ms. Kay, Ms. Smith and the other teenagers then exchanged words. Ms. Kay, who was five weeks pregnant, became fearful for her life and later suffered a miscarriage.

In addition, in August and September 2010, plaintiff and Ms. Kay requested assistance from defendants to deal with Jason Pong's tenants. But defendants did nothing. Mr. Pong's tenants socialized, smoked and drank alcohol in the common area immediately outside and underneath plaintiff's front and back windows. They smoked and talked loudly from one to six hours and prevented plaintiff and Ms. Kay from sleeping, sometimes until 2:30 to 4:30 a.m. The cigarette and marijuana smoke wafted through the windows into plaintiff's condominium unit. Beginning in September 2010, Ms. Fountain allegedly joined Mr. Pong's tenants as they smoked and talked loudly adjacent to plaintiff's open windows.

In support of the fifth cause of action for intentional emotional distress infliction, plaintiff alleges each defendant was in privity with him. According to plaintiff, they were in privity because of the homeowners association's governing documents or the agreement with the property management company. Defendants allegedly caused plaintiff and Ms. Kay to suffer insomnia, stress and four miscarriages through: the wrongful imposition of a fine; denial of access to association records; harassment of plaintiff and Ms. Kay by Ms. Smith and others; lack of cooperation from the board and management company; noxious cigarette smoke; and denial of access to some of the common areas.

The sixth cause of action for negligence is premised on duties arising from the homeowners association bylaws and its conditions, covenants and restrictions. The sixth cause of action alleges: "At all relevant times, [the management company] had assumed a duty pursuant to contract to manage and oversee the affairs of the [homeowners association] for the [homeowners association's] membership, including plaintiffs. According to the [homeowners association's] governing documents, the [management company] is hired by the Owners of the [homeowners association], and is accountable to the [homeowners association's] owners. The defendants other than the [management company], have duties pursuant to the Davis-Stirling Common Interest Development Act and case law interpreting it, in conjunction with the [homeowners association's] governing documents such as the Bylaws and [the conditions, covenants, and restrictions]. . . ." As for the negligence cause of action, the second amended complaint alleges: defendants breached their duties owed to plaintiff as an association member; defendants' alleged failure to maintain the common area roof and deletion of the association's reserves rendered plaintiff's condominium unit valueless; plaintiff and Ms. Kay suffered serious emotional distress because of defendants' negligent acts; and the negligent acts included defendants' encouragement of the use of the common area adjacent to plaintiff's unit as an area for smoking and partying.

Concerning the eighth cause of action for nuisance, the second amended complaint alleges defendants' actions interfered with plaintiff's free use of his condominium unit. The second amended complaint alleges: "Defendants' aforementioned actions, including the loss and quiet enjoyment of plaintiffs' unit during 15 months of construction, denial of plaintiffs the right to enter portions of the Association's common areas, the interference and denial of access to service public utilities connected to plaintiffs' unit, and the failure to act and instead encourage the use of the common area adjacent to plaintiffs' unit as a smoking area for drug users and boisterous partiers has created a public and private nuisance which was harmful to plaintiffs' health; offensive to their senses; and interfered with the free use of plaintiffs' unit, so as to interfere with the comfortable enjoyment of life." Defendants' alleged conduct, according to the second

4

amended complaint, was done with reckless and conscious disregard of plaintiff's rights and well-being.

On December 28, 2011, the trial court sustained in part defendants' demurrer without leave to amend. The intentional infliction of emotional distress cause of action was dismissed as to all defendants except Ms. Fountain and Ms. Smith. In addition, the nuisance cause of action against Ms. Hill was dismissed.

## B. Summary Judgment

On April 27, 2012, defendants moved for summary judgment or adjudication. They argued plaintiff had no standing to sue defendants. Defendants argued plaintiff had no ownership interest in the condominium unit owned by Ms. Kay. They contended ownership of the subject property was a prerequisite to standing to assert each of plaintiff's causes of action. In support of their motion, defendants submitted plaintiff's deposition testimony. Plaintiff testified he owned the unit with Ms. Kay but admitted his name was not on the grant deed. Defendants also submitted a certified copy of the grant deed, which identified Ms. Kay, "an unmarried woman," as the owner.

In addition, defendants argued plaintiff and Ms. Kay failed to plead a nuisance claim. Defendants' denial of plaintiff's access to some common areas and failure to prevent smoking and parties in common areas adjacent to plaintiff's unit did not support a nuisance claim. Defendant also contended plaintiff failed to plead an intentional infliction of emotional distress claim against Ms. Fountain and Ms. Smith. They argued plaintiff failed to prove severe emotional distress. Defendants also made additional arguments not pertinent to this appeal.

In opposition, plaintiff and Ms. Kay submitted declarations stating they had been married since March 4, 2006. They have resided at their condominium unit since their marriage and purchase of the unit in March 2006. They also stated they agree the condominium unit is community property. Plaintiff and Ms. Kay declared: they were denied access to common areas; defendants hired an unlicensed contractor to work on the

5

common area adjacent to their unit; there was significant lead, dust and loud noise seven days a week from the construction; they were harassed by Ms. Smith and the teenagers; and defendants refused to abate the smoking and noise problems caused by Mr. Pong's tenants.

## C. Trial Court Ruling

On July 19, 2012, the trial court granted defendants' summary judgment motion. The trial court ruled plaintiff lacked standing to sue on the claims because they were expressly predicated on ownership of the condominium unit. The trial court noted the summary judgment opposition did not argue plaintiff could still maintain his claims even if he was not on the title. The summary judgment order was entered on September 12, 2012.

## III. DISCUSSION

### A. Standard Of Review

In *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851, our Supreme Court described a party's burdens on summary judgment motions as follows: "[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law. That is because of the general principle that a party who seeks a court's action in his favor bears the burden of persuasion thereon. [Citation.] There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. . . . [¶] [T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden

6

of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact . . . . A prima facie showing is one that is sufficient to support the position of the party in question. [Citation.]" (Fns. omitted; see *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 878.)

We review de novo the trial court's decision to grant the summary judgment motion. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336; *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65, 67-68.) The trial court's stated reasons for granting summary judgment are not binding on us because we review its ruling not its rationale. (*Coral Construction, Inc. v. City and County of San Francisco, supra,* 50 Cal.4th at p. 336; *Continental Ins. Co. v. Columbus Line, Inc.* (2003) 107 Cal.App.4th 1190, 1196.) In addition, a summary judgment motion is directed to the issues framed by the pleadings. (*Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1252; *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673, overruled on a different point in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.) Those are the only issues a motion for summary judgment must address. (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1249-1250; *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 364.)

## B. Standing

Plaintiff argues the trial court erred in granting summary judgment on the nuisance, negligence, and intentional emotional distress infliction causes of action. The trial court ruled plaintiff did not have standing to sue defendants on any of the claims. The trial court reasoned plaintiff's claims were expressly predicated on ownership of the condominium unit. However, plaintiff was not the condominium owner. We discuss each challenged causes of action in turn.

First, plaintiff contends he has standing to sue for negligence. To assert a negligence claim, plaintiff must show: defendant owed a legal duty to plaintiff;

defendant breach that duty; and that breach proximately caused plaintiff's injuries. (*Conroy v. Regents of University of California, supra,* 45 Cal.4th at p. 1250; *John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1188.)  We have previously described the specific allegations in the second amended complaint concerning the source of defendants' duty to protect plaintiff.  And as noted, the second amended complaint's allegations define the issues that are litigated in connection with a summary judgment or adjudication motion.  (*Turner v. Anheuser-Busch, Inc.*, *supra*, 7 Cal.4th at p. 1252; *Ann M. v. Pacific Plaza Shopping Center*, *supra*, 6 Cal.4th at p. 673.)  That duty, according to the second amended complaint, arose from the rights attendant to homeowners association membership and the homeowners association's conditions, covenants and restrictions.  More specifically, plaintiff alleges defendants owed him a legal duty because of his homeowners association membership.  Additionally, plaintiff alleges he is a homeowners association member because of his ownership interest in the condominium unit with Ms. Kay.  But the uncontroverted evidence shows plaintiff is not an owner of the condominium.  Thus, he is not an association member.  Because defendants' legal duty is predicated on membership in the association, plaintiff does not have standing to bring a negligence claim.

Second, plaintiff also argues he has standing to bring an intentional emotional distress infliction claim against Ms. Fountain and Ms. Smith.  An intentional emotional distress infliction claim arises when:  there is extreme and outrageous conduct done with the intention of causing, or reckless disregard of the probability of causing, emotional distress; the plaintiff suffered severe or extreme emotional distress; and defendant's outrageous conduct is the actual and proximate cause of the emotional distress.  (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050, *Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 1001; *Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.)  Our Supreme Court explained:  "A defendant's conduct is 'outrageous' when it is so """"extreme as to exceed all bounds of that usually tolerated in a civilized community.""""" (*Hughes v. Pair, supra,* 46 Cal.4th at pp. 1050-1051; *Potter v. Firestone Tire & Rubber Co., supra,* 6 Cal.4th at p. 1001.)  None of the elements of plaintiff's intentional

8

emotional distress infliction claim requires he prove he had ownership interest in the apartment or any relationship with Ms. Fountain and Ms. Smith. It was error to dismiss plaintiff's intentional emotional distress infliction claim based on standing grounds. We express no opinion concerning the merits of plaintiff's intentional emotional distress infliction claim. The only issue litigated by defendants on appeal is the standing question.

Third, the nuisance claim should not have been dismissed. Civil Code section 3479 defines a nuisance thusly, "Anything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance." Civil Code section 3480 provides, "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." The interference must be both substantial and unreasonable to qualify as a public nuisance. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1105; *Melton v. Boustred* (2010) 183 Cal.App.4th 521, 542; *County of Santa Clara c. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 305.) A private nuisance is one that is not defined by Civil Code section 3480 as a public nuisance. (Civ. Code § 3481.) Civil Code section 3493 provides, "A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." When the nuisance is both a public and private one, plaintiff need not show damage different in kind from that suffered by the general public. (*Birke v. Oakwood Worldwide* (2009) 169 Cal.App.4th 1540, 1551; *Venuto v. Owens-Corning Fiberglass Corp.* (1971) 22 Cal. App.3d 116, 124.) Neither the public nor private nuisance claim requires plaintiff to prove ownership interest in the condominium unit. (*Birke v. Oakwood Worldwide, supra,* 169 Cal.App.4th at p. 1551 [" [A] child living with her family in a rented apartment has standing to bring a private

9

nuisance claim based on interference with her right to enjoy the rented premises"].)  It was error to grant summary judgment against plaintiff  based on lack of standing as to the nuisance claim.

## C.  Post-judgment matters

Defendants contend that the summary judgment should be affirmed as Ms. Kay has failed to prevail at her trial.  Other than in exceptional circumstances, post-judgment matters are not pertinent on appeal.  (*In re Zeth S.* (2003) 31 Cal.4th 396, 405; *Bombardier Recreational Products, Inc. v. Dow Chemical Canada ULC* (2013) 216 Cal.App.4th 591, 605.)  Defendants have failed to demonstrate by citation to judicially noticeable post-judgment evidence that this case falls within such exceptional circumstances.

IV.  DISPOSITION

The judgment is reversed.  Summary adjudication is entered on all counts, except the fifth and eighth causes of action for intentional emotional distress infliction and nuisance respectively, in favor of defendants:  Abourne House III Homeowners Association; LB Property Management; Katrina Fountain; and Pearl Scott Smith.  The fifth and eighth causes of action are to proceed to trial.  All parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

MINK, J.[*]

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11