Opinion
 

 BENKE, J.
 

 In our initial opinion in this case we affirmed an order granting summary judgment in favor of the defendants, an employment agency and the owner of the agency. The Supreme Court granted plaintiff Malcolm Carmichael's petition for review and the Supreme Court then transferred review to this court with directions to vacate our prior decision and reconsider the cause in light of
 
 Rojo
 
 v.
 
 Kliger
 
 (1990) 52 Cal.3d 65 [276 Cal.Rptr. 130, 801 P.2d 373]
 
 (Rojo).
 

 As we explain in greater detail below, in light of
 
 Rojo
 
 we reverse. Because the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) (FEHA)
 
 *620
 
 is only an alternative remedy for racial and sexual discrimination, Carmichael's failure to file an action within the one-year limitation period provided by the FEHA did not bar his claim.
 

 Factual Background
 

 For the most part, the facts which give rise to this appeal are undisputed. Carmichael, a white male, is a machinist. Defendant Alfano Temporary Personnel is owned by defendant Vincent Alfano (collectively Alfano). Alfano is a personnel agency which provides temporary employees to various employers. Carmichael began working for Alfano in August 1982. On January 1, 1984, Alfano assigned Carmichael to work at the Upper Campus Machine Shop at the University of California at San Diego (UCSD Machine Shop).
 

 Approximately 14 months later, on March 11, 1985, Carmichael filed a charge with the Equal Employment Opportunity Commission (EEOC) in which he alleged the UCSD Machine Shop was guilty of discrimination against women and minorities. On May 23, 1985, the EEOC advised Carmichael it had no jurisdiction over his complaint because the UCSD Machine Shop was not his employer.
 

 Carmichael filed a second charge with EEOC on June 3, 1985, in which he alleged Alfano was guilty of discrimination against women and minorities. In particular he alleged: “I believe the reason I am being discriminated against is because of my race, Caucasian, in that: [¶a. I believe I should be able to work with people of all races and sexes. Since I have been at the UCSD work site I have worked only with Caucasian males. I believe Alfano does not refer minorities and women to the UCSD Machine Shop.”
 

 On June 5, 1985, Alfano removed Carmichael from his position at the UCSD Machine Shop and did not place him with any other employer. Carmichael was told he was laid off because there was a lack of work at the UCSD Machine Shop.
 

 Carmichael then filed charges with both the EEOC and the Department of Fair Employment and Housing (DFEH), alleging his termination was in retaliation for his EEOC complaints.
 
 [1]
 

 On July 19, 1985, the DFEH sent Carmichael a letter in which it advised him his retaliation claim had been referred to the EEOC and under Govern
 
 *621
 
 ment Code section 12965, subdivision (b), and he had one year from the date of the letter in which to file a complaint for damages against Alfano.
 

 On June 5, 1986, the EEOC issued its determination of Carmichael’s retaliation charge. The EEOC found there was no reasonable cause to believe the charge and advised Carmichael he had 90 days in which to bring suit in district court.
 

 Proceedings Below
 

 On June 4, 1987, Carmichael filed the instant complaint in superior court. Again he alleged he was terminated by Alfano in retaliation for the initial discrimination charges he filed with the EEOC. Carmichael alleged his termination violated California’s public policy and that Alfano was therefore liable to him for wrongful termination, violation of Labor Code section 1102.5, breach of the covenant of good faith and fair dealing and civil conspiracy.
 

 Alfano removed the case to district court and moved for summary judgment on the grounds Carmichael’s claims were time barred. The district court remanded the case to superior court where Alfano renewed its motion for summary judgment. The trial court granted the motion and judgment in favor of Alfano was entered. Carmichael filed a timely notice of appeal.
 

 Issues on Appeal
 

 On appeal Carmichael does not dispute that, if it applies, the one-year limitation period set forth in the FEHA, Government Code section 12965, subdivision (b), would bar his claims. Rather, as he did below, on appeal Carmichael argues his claims are not subject to the FEHA.
 

 Discussion
 

 As the Court of Appeal for the Third District recently observed: “FEHA creates a Department of Fair Employment and Housing (Department) [citation] whose function is to receive, investigate and conciliate complaints of unlawful employment discrimination. [Citations.] A person claiming to be aggrieved by an alleged unlawful practice may file a written charge with the Department within one year from the date of the alleged unlawful practice, which must ‘state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful practice complained of. . . .’ [Citation.] If conciliation fails, [the] Depart
 
 *622
 
 ment may issue an accusation to be heard by the Fair Employment and Housing Commission (Commission). [Citations.]
 

 “If the Commission finds a violation, it issues a cease and desist order and may grant other appropriate relief. [Citation.] If no accusation is issued by the Department, it must give the aggrieved person notice and a right-to-sue letter. [Citations.] The aggrieved person may bring a civil action against the ‘person, employer, labor organization or employment agency’ named in the charge within one year after receiving notice. [Citation.] In order to bring a civil action under FEHA, the aggrieved person must exhaust the administrative remedies provided by law. [Citations.]”
 
 (Yurick
 
 v.
 
 Superior Court
 
 (1989) 209 Cal.App.3d 1116, 1120-1121
 
 (Yurick)
 
 [257 Cal.Rptr. 665].)
 

 At the time of our initial opinion there was some conflict in the law with respect to the effect the procedural requirements of the FEHA have on lawsuits which are based on alleged discrimination. (Compare
 
 Yurick, supra,
 
 209 Cal.App.3d at pp. 1122-1123;
 
 Ficalora
 
 v.
 
 Lockheed Corp.
 
 (1987) 193 Cal.App.3d 489, 492-493 [238 Cal.Rptr. 360]; and
 
 Strauss
 
 v. A.
 
 L. Randall Co.
 
 (1983) 144 Cal.App.3d 514, 518-519 [194 Cal.Rptr. 520] [statutory procedure is exclusive remedy for employment discrimination] with
 
 Froyd
 
 v.
 
 Cook
 
 (E.D.Cal. 1988) 681 F.Supp. 669, 673-676 [FEHA is a cumulative remedy under some circumstances and does not necessarily displace plaintiff’s right to sue for discriminatory termination].) In large measure
 
 Rojo
 
 resolved this conflict.
 

 In
 
 Rojo
 
 the plaintiffs had been employed as assistants to a physician. They filed a complaint in which they alleged that while employed they had been subjected to sexually harassing remarks and demands for sexual favors. The physician moved for summary judgment on the grounds that the FEHA was the plaintiffs’ exclusive remedy and that the plaintiffs had failed to exhaust their remedies under the act. The trial court granted the physician’s motion.
 

 The Court of Appeal reversed. It held the FEHA does not preempt or preclude claims made under theories independent of the FEHA. The court further held the plaintiffs’ allegations of sexual harassment and discrimination support a common law claim of tortious discharge in contravention of public policy. The Supreme Court affirmed the judgment of the Court of Appeal.
 

 In its opinion in
 
 Rojo,
 
 the Supreme Court found the FEHA expressly disclaimed any intent to displace other relevant state laws. ( 52 Cal.3d at p. 82.) Given that intent, the Supreme Court found, contrary to the reasoning in some Court of Appeal and federal cases (see e.g.,
 
 Strauss
 
 v. A.
 
 L. Randall
 
 
 *623
 

 Co., supra,
 
 144 Cal.App.3d 514, 520;
 
 Salgado
 
 v.
 
 Atlantic Richfield Co.
 
 (9th Cir. 1987) 823 F.2d 1322, 1327), that application of the procedural requirements of the act does not depend upon whether a plaintiff’s discrimination claim existed prior to enactment of the FEHA, or its predecessor, the Fair Employment Practices Act (FEPA).
 
 [2]
 
 “While the FEHA conferred certain new rights and created new remedies, its purpose was not to narrow, but to expand the rights and remedies available to victims of discrimination. [Citations.] Under the act, plaintiffs are free to seek relief for injuries arising from discrimination in employment under
 
 any
 
 state law, without limitation.”
 
 (Rojo, supra,
 
 52 Cal.3d at p. 82.)
 

 As had the Court of Appeal, the Supreme Court also refused to find that exhaustion of FEHA’s remedies was required before a plaintiff could bring an action alleging nonstatutory causes of action.
 
 (Rojo, supra,
 
 52 Cal.3d at p. 88.)
 

 Finally, the Supreme Court agreed the plaintiffs’ allegations supported common law tort claims arising out of the public policy of the state. In finding, as required by
 
 Foley
 
 v.
 
 Interactive Data Corp.
 
 (1988) 47 Cal.3d 654, 669 [254 Cal.Rptr. 211, 765 P.2d 373], that sex discrimination was “fundamental” and “public” in nature, the court relied on article I, section 8 of the California Constitition (hereafter article I, section 8) which provides: “A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin.” The court found that “Regardless of the precise scope of its application, article I, section 8 is declaratory of this state’s fundamental public policy against sex discrimination, including sexual harassment, which, as noted, is merely one form of sex discrimination . . . .”
 
 (Rojo, supra,
 
 52 Cal.3d at p. 90.)
 

 In emphasizing the public’s concern with sex discrimination, the court stated: “The public policy against sex discrimination and sexual harassment in employment, moreover, is plainly one that ‘inures to the benefit of the public at large rather than to a particular employer or employee.’ [Citation.] No extensive discussion is needed to establish the fundamental
 
 public
 
 interest in a workplace free from the pernicious influence of sexism. So long as it exists, we are
 
 all
 
 demeaned.”
 
 (Rojo, supra,
 
 52 Cal.3d at p. 90.)
 

 In sum then, following
 
 Rojo,
 
 applicability of the one-year limitations period set forth in FEHA depends upon whether Carmichael has alleged a
 
 *624
 
 common law claim which is independent of the act. Although the court in
 
 Rojo
 
 expressed no opinion concerning claims, such as Carmichael’s, which are based on an employer’s retaliation (see
 
 Rojo, supra,
 
 52 Cal.3d at p. 82, fn. 10), we believe that in light of
 
 Rojo
 
 such claims exist independent of the FEHA.
 

 First, we believe the Supreme Court’s holding that article I, section 8, states fundamental public policy applies to racial as well as sexual discrimination. In our view the public has a fundamental interest in a workplace free from the equally pernicious influence of racisim. Racism, like sexism, demeans all of us.
 

 Second, although the FEHA itself prohibits retaliation against employees who report discriminatory conduct to the commission (see Gov. Code, § 12940, subd. (f)),
 
 [3]
 
 California protects workers who make reports to
 
 any
 
 governmental agency. Labor Code section 1102.5, subdivision (a), provides: “No employer shall make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation.” Thus, quite apart from the provisions of the FEHA itself, any attempt by an employer to prevent reports of discriminatory conduct to the commission would contravene public policy.
 

 Contrary to Alfano’s suggestion, given the
 
 public
 
 nature of the policy against workplace discrimination (see
 
 Rojo, supra,
 
 52 Cal.3d at p. 90), Carmichael is not required to allege he was discriminated against on the basis of his sex or his race.
 
 Rojo
 
 instructs us that Carmichael was demeaned by the existence of a sexist and racist working environment. Moreover, Carmichael is the person who lost his job in an effort to combat the discrimination he allegedly observed. We do not believe
 
 Rojo
 
 can be interpreted as requiring any greater or different injury.
 

 Because Carmichael’s claims are independent of FEHA, the limitations period set forth in the act do not bar his claims. Accordingly, the trial court erred in granting Alfano’s motion for summary judgment.
 

 
 *625
 
 Judgment reversed.
 

 Kremer, P. J., and Nares, J., concurred.
 

 [1]
 

 On August 8, 1985, Carmichael filed a fourth charge with EEOC in which he again alleged Alfano and the UCSD Machine Shop were guilty of race and sex discrimination. On June 24, 1986, the EEOC determined there was no reasonable cause to believe this charge and advised Carmichael he had 90 days in which to bring suit in district court.
 

 [2]
 

 Alfano believes the Supreme Court erred in reaching this conclusion. This a contention which Alfano must direct to the Supreme Court.
 
 (See Auto Equity Sales, Inc.
 
 v.
 
 Superior Court
 
 (1962) 57 Cal.2d 450, 456-457 [20 Cal.Rptr. 321, 369 P.2d 937].)
 

 [3]
 

 Government Code section 12940, subdivision (f), provides that it is unlawful “For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.”