[No. A096146. First Dist., Div. Two. July 2, 2002.]

RICHARD WALRATH, Plaintiff and Appellant, v.
STEPHEN SPRINKEL, Defendant and Respondent.

**COUNSEL**

Law Offices of Sandra J. Springs and Daniel C. Payne, Jr.. for Plaintiff and Appellant.

Miller, Morton, Caillat & Nevis, Joseph A. Scanlan, Jr., and David I. Kornbluh for Defendant and Respondent.

**OPINION**

**RUVOLO, J.—**

I.

Plaintiff Richard Walrath appeals from the summary judgment granted in favor of defendant Stephen Sprinkel, president of Hatcher Press, Inc., in an

action against Hatcher Press and Sprinkel alleging wrongful termination and age discrimination in violation of the Fair Employment and Housing Act (FEHA), retaliation, and intentional infliction of emotional distress. The action against Hatcher Press proceeded to trial, and Walrath recovered a jury verdict for both conventional and punitive damages.

The essential issue presented is whether appellant's cause of action against his supervisor for retaliation is barred by *Reno v. Baird* (1998) 18 Cal.4th 640 [76 Cal.Rptr.2d 499, 957 P.2d 1333]. We conclude that *Reno v. Baird* is not controlling and that the court erred in granting Sprinkel's motion for summary judgment. Accordingly, we reverse the judgment.

## II.

Appellant was employed by Hatcher Press from 1976 through February 2000. For purposes of the summary judgment motion, defendants conceded that Sprinkel was appellant's supervisor. In the spring of 1995, Sprinkel advised all employees in the pre-press department, including appellant, that Hatcher Press was committed to a transition from conventional pre-press to electronic pre-press using computers. Sprinkel told everyone in the pre-press department that Hatcher would pay for them to take unlimited classes at the Graphic Arts Institute of San Francisco to aid in the transition. Appellant took two introductory courses in 1995 and took no further classes until 1999, when he took five more classes.

The conventional pre-press work had become so scarce by early 1999 that the department went on a reduced work week. Appellant became increasingly frustrated with the lack of training for him and other older workers in his department and wrote a letter to the department manager complaining about being passed over for a job in the electronic pre-press department. Appellant alleges that Sprinkel retaliated against him for complaining about being passed over for younger workers by ousting him from his office and moving his office furniture and possessions into an open area. Appellant alleged that the younger employees were moved into the electronic pre-press department, leaving only older employees in the conventional pre-press department. Appellant and the other remaining employees in the conventional pre-press department were laid off in February 2000, when the department was closed.

Appellant sued both Hatcher Press, Inc., and Richard Sprinkel. His complaint alleged five causes of action: (1) violations of FEHA by demoting, terminating, and retaliating against appellant in violation of Government

Code section 12940, former subdivision (f) (now subd. (h));[1] (2) breach of contract by the corporation; (3) wrongful demotion and discrimination in violation of public policy by the corporation; (4) retaliation for appellant's complaints about discrimination; and (5) intentional infliction of emotional distress.

Both defendants moved for summary judgment. The court denied summary judgment as to Hatcher Press, Inc., but granted it as to Sprinkel. The only statement of reason given as to Sprinkel was the following: "Moving party has met its burden of showing that there is no disputed issue of any material fact and that it is entitled to judgment as a matter of law. See material fact no. 23 [failure to name Sprinkel in administrative complaint] and *Reno v. Baird, supra,* 18 Cal.4th 640, 663."

### III.

### A.

■   Summary judgment is granted when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review de novo the trial court's decision to grant summary judgment. (*Hersant v. Department of Social Services* (1997) 57 Cal.App.4th 997, 1001 [67 Cal.Rptr.2d 483].) "In reviewing a motion for summary judgment, we accept as undisputed fact only those portions of the moving party's evidence that are uncontradicted by the opposing party. In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences that can be drawn therefrom are accepted as true." (*Ibid.*) Summary judgment is a drastic remedy that is to be used sparingly, and any doubts about the propriety of summary judgment are to be resolved in favor of the opposing party. (*Kulesa v. Castleberry* (1996) 47 Cal.App.4th 103, 112 [54 Cal.Rptr.2d 669]; *WYDA Associates v. Merner* (1996) 42 Cal.App.4th 1702, 1709 [50 Cal.Rptr.2d 323].)

■   Appellant contends that summary judgment was improper because the fourth cause of action against Sprinkel for retaliation is not barred by *Reno v. Baird, supra,* 18 Cal.4th 640 or the exhaustion-of-administrative-remedies rule. He argues that *Reno v. Baird* is distinguishable in that it dealt only with claims for employment discrimination and not claims for retaliation, which fall under a different statutory provision, and that, moreover, he has alleged a common law cause of action for retaliation in violation of public policy, which does not require the exhaustion of administrative remedies. We agree.

---

[1]Unless otherwise noted, all statutory references are to the Government Code.

*Reno v. Baird, supra,* 18 Cal.4th 640 held that a supervisor may not be sued individually for discrimination in employment under the FEHA or under a common law cause of action for violation of the public policy expressed in the FEHA. (*Id.* at pp. 663-664.) In *Reno v. Baird,* a registered nurse who alleged that she had been discharged because she had cancer, sued her former supervisor for employment discrimination under the FEHA and for discharge in violation of public policy. Our Supreme Court held that the language of the statute indicates that the Legislature did not intend individual supervisory employees to be held liable for employment discrimination. The court noted that the statutory language regarding discrimination differs from other prohibitions under the FEHA (§ 12900 et seq.). The prohibition regarding discrimination under the FEHA applies only to "an employer" (§ 12940, subd. (a)), whereas the prohibition against harassment, for example, applies to "an employer . . . or any other person" (§ 12940, subd. (j)(1)). (*Reno v. Baird, supra,* 18 Cal.4th at pp. 643-644.)

The court held that the cause of action for discharge in violation of public policy must fall as well because the underlying public policy was the alleged discrimination in violation of the FEHA. The court reasoned that "[i]t would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric. Because plaintiff may not sue Baird as an individual supervisor under the FEHA, she may not sue her individually for wrongful discharge in violation of public policy." (*Reno v. Baird, supra,* 18 Cal.4th at p. 664.)

Appellant argues that *Reno v. Baird, supra,* 18 Cal.4th 640 is not dispositive because it did not involve a cause of action for retaliation in violation of public policy. Appellant is correct in noting that there is authority recognizing a common law cause of action for retaliatory wrongful discharge as well as a cause of action against an individual supervisor for retaliation in violation of FEHA. *Blom v. N.G.K. Spark Plugs (U.S.A.), Inc.* (1992) 3 Cal.App.4th 382 [4 Cal.Rptr.2d 139] and *Carmichael v. Alfano Temporary Personnel* (1991) 233 Cal.App.3d 1126 [285 Cal.Rptr. 143] recognize a common law cause of action for wrongful discharge in retaliation for an employee's action seeking to correct employment discrimination. (See also *Stevenson v. Superior Court* (1997) 16 Cal.4th 880 [66 Cal.Rptr.2d 888, 941 P.2d 1157] [recognizing common law cause of action for wrongful discharge in violation of public policy against age discrimination].) *Page v. Superior Court* (1995) 31 Cal.App.4th 1206 [37 Cal.Rptr.2d 529] held that an individual supervisor may be liable for retaliation against an employee in violation of the FEHA.

Although the foregoing cases were decided prior to *Reno v. Baird, supra,* 18 Cal.4th 640, there are later cases as well. The Ninth Circuit Court of

Appeals held in 2001 that *Reno v. Baird* does not apply to a retaliatory termination claim against an individual supervisor under the FEHA because a different statute is involved. (*Winarto v. Toshiba America Electronics Components* (9th Cir. 2001) 274 F.3d 1276, 1288.) In contrast to the discrimination provision at issue in *Reno v. Baird*, which applies only to "an employer" (§ 12940, subd. (a)), the retaliation provision of the FEHA, applies to "any employer, labor organization, employment agency, or person" (§ 12940, subd. (h)).[2] The Ninth Circuit found the difference in statutory language dispositive and concluded that an individual supervisor may be held personally liable for retaliation under the FEHA. The court noted that "[e]very federal district court that has considered this issue since *Reno* has concluded that *Reno* does not apply to retaliation. *E.g., Peterson v. Santa Clara Valley Medical Center,* 2000 WL 98262 (N.D.Cal.2000); *Soo v. United Parcel Serv., Inc.,* 73 F.Supp.2d 1126 (N.D.Cal.1999); *Liberto-Blanck v. City of Arroyo Grande,* 33 F.Supp.2d 1241 (C.D.Cal.1999); *Kaminski v. Target Stores,* 1998 WL 575097 (N.D.Cal.1998)." (*Winarto v. Toshiba America Electronics Components, supra,* 274 F.3d at p. 1288.) In each case, *Reno v. Baird* was distinguished on the basis of the difference in the statutory language regarding retaliation and the reference to "person" indicating a legislative intent to allow individual liability for retaliatory acts by supervisors. We agree with these cases and therefore conclude that *Reno v. Baird, supra,* 18 Cal.4th 640 is not controlling as to a cause of action for retaliation.

B.

Appellant also contends that his cause of action is not barred by the failure to exhaust administrative remedies because *Rojo v. Kliger* (1990) 52 Cal.3d 65 [276 Cal.Rptr. 130, 801 P.2d 373] makes it clear that the exhaustion rule does not apply to common law causes of action for wrongful discharge in contravention of public policy. (See also *Stevenson v. Superior Court, supra,* 16 Cal.4th 880 [common law cause of action for wrongful discharge in violation of public policy in FEHA against age discrimination not subject to exhaustion-of-administrative-remedies rule].) Appellant does appear to have pleaded a common law cause of action for wrongful discharge in violation of the public policy in FEHA against retaliation, which is outside the scope of the exhaustion-of-administrative-remedies rule.

Appellant concedes that we need not address the merits of the first and fifth causes of action if we find a triable issue of fact as to the fourth cause

---

[2]Section 12940, subdivision (h) makes it an unlawful employment practice "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part [including section 12941]."

Section 12941 makes it an unlawful employment practice to dismiss anyone over the age of 40 on the ground of age except in cases where the law compels or provides for such action.

of action, which we have done. We conclude that appellant pleaded a triable issue of fact as to his fourth cause of action for terminating him in retaliation for his complaints against age discrimination in violation of the public policy set forth in the FEHA. Accordingly, the summary judgment must be reversed.

## IV.

The summary judgment in favor of defendant Stephen Sprinkel is reversed.

Haerle, Acting P. J., and Lambden, J., concurred.