Filed 11/17/15; pub. order 12/11/15 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ADAM PRUE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BRADY COMPANY/SAN DIEGO, INC.,<br><br>    Defendant and Respondent. | D066404<br><br><br><br>(Super. Ct. No.<br> 37-2013-00042672-CU-WT-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Randa

Trapp, Judge.  Reversed and remanded with directions.

Reyes & Barsoum, Christopher J. DeClue, Jorge H. Reyes and Rony Barsoum for

Plaintiff and Appellant.

Pettit Kohn Ingrassia & Lutz, Thomas S. Ingrassia, Jenna H. Leyton-Jones and

Lauren E. Bates for Defendant and Respondent.

Plaintiff Adam Prue appeals a judgment in favor of defendant Brady

Company/San Diego, Inc. (Brady) after the trial court granted Brady's motion for

summary judgment in Prue's action against it for wrongful termination of employment in

violation of public policy. On appeal, Prue contends the court erred by: (1) granting the motion for summary judgment because his complaint sufficiently alleged a cause of action for wrongful termination in violation of public policy and that cause of action was not barred by the applicable two-year statute of limitations; and (2) denying him leave to amend his complaint to more fully allege facts in support of that cause of action and/or by not continuing the hearing on the motion. Because we conclude Prue's complaint adequately alleged facts apprising Brady of his cause of action for wrongful termination in violation of public policy and was timely filed, the trial court erred by granting Brady's motion for summary judgment. We further conclude the court erred by denying Prue leave to amend his complaint.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2013, Prue filed a complaint against Brady alleging four causes of action, including a cause of action for wrongful termination in violation of public policy.[1] The complaint alleged the trial court had jurisdiction over the subject matter of the action based on Government Code section 12920,[2] which is part of the California Fair Housing and Employment Act (FEHA) (§ 12900 et seq.). It further alleged the court had venue based on section 12920. The complaint generally alleged Prue was an employee within

---

[1]    Because Prue does not challenge the trial court's grant of summary adjudication on his other three causes of action, we need not identify or discuss them to resolve this appeal.

[2]    All statutory references are to the Government Code unless otherwise specified.

2

the meaning of section 12926, subdivision (c), and Brady was an employer within the meaning of sections 12926, subdivision (d), 12940, subdivisions (a), (h), and (j)(4)(A).

The complaint's first cause of action was titled "For Wrongful Termination in Violation of Public Policy" and alleged in part:

"16. Wrongful termination from employment is [tortious] when the termination occurs in violation of a fundamental public policy. It is well established law that a worker cannot be discriminated against for filing, making, and/or making Plaintiff's intention to file/make a workers' compensation claim. See, Labor Code § 132A. Labor Code § 132A provides, 'It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment.'

"17. On or around June 27, 2011, [Prue] suffered a work-related injury that arose out of and during the course of employment.

"18. [Prue] suffered orthopedic and psychological injuries.

"19. On the day of the injury, [Prue] was in the course and scope of [his] employment with [Brady] and on [Brady's] property. [Brady] was . . . immediately notified of [Prue's] industrial injury and [he] was treated at an emergency room as approved by [Brady's] manager/supervisor Scott Benson.

"20. On information and belief, and upon that basis [Prue] alleges, that [Brady] [was] made aware that [Prue] filed and/or had an intention to file and/or make a claim for workers' compensation benefits arising out of the industrial accident.

"21. Soon thereafter or on or about June 27, 2011, [Brady] [was] made aware that [Prue] had suffered orthopedic and psychological injuries which affected [his] musculoskeletal and psychological system[s] and work restrictions were given but [Brady] retaliated and discriminated against [Prue] on account of reporting and suffering a work-related injury.

"22. [Prue] was released from care and despite being capable of completing [his] essential job functions[,] [he] was terminated in July 2011.

3

"23.  On information and belief, and upon that basis [Prue] alleges, that [Brady's] termination of [Prue] [was] motivated by discrimination and/or retaliation on account of [his] work-related injury in violation of Labor Code [section] 132a and public policy. [¶] . . . [¶]

"25.  It is well established law that a worker cannot be terminated from his/her employment based solely on a disability.  Actions such as these deeply offend public policy.  Further, it is well understood that a policy is fundamental when it is carefully tethered to a policy delineated in constitutional or statutory provisions affecting the public at large."

Brady filed an answer to Prue's complaint, generally denying its allegations and specifically asserting certain affirmative defenses, including those based on statutes of limitations, workers' compensation exclusivity, and insufficiency of allegations to support the first cause of action.

In December 2013, Brady filed a motion for summary judgment or, in the alternative, summary adjudication of Prue's causes of action.[3]  Its motion argued that Prue's first cause of action for wrongful termination in violation of public policy was barred by the workers' compensation exclusivity doctrine under Labor Code sections 132a and 3602 and/or the Labor Code section 132a one-year statute of limitations, and he had not pleaded any public policy that may have been violated by his termination.  In support of its motion, Brady filed a separate statement of undisputed material facts asserting that Scott Benson, Prue's supervisor at Brady, was unaware of any disability

_____

3    The record on appeal does not contain any document showing, and the parties do not represent, that Brady filed either a demurrer or motion for judgment on the pleadings.

4

Prue had and did not consider him to be disabled. It also asserted Prue never requested any accommodation for an alleged disability. The only injury Prue reported to Brady was his hernia.

Prue opposed Brady's motion, arguing his first cause of action was not subject to the workers' compensation exclusive remedy rule and there were triable issues of material fact on that cause of action. He argued he was not seeking compensation for injuries he sustained while working for Brady, but instead sought relief based on its unfair, discriminatory, and improper actions taken against him because he suffered a work-related injury and was disabled. Citing *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143 (*Moorpark*), Prue argued disability discrimination is not a normal risk of employment. He argued: "Both common law wrongful discharge and FEHA remedies are available to an employee who suffered discrimination based on a work-related disability." Therefore, the workers' compensation exclusivity rule did not apply to bar his action. Prue also argued his action did not allege a Labor Code section 132a claim, but only a claim for wrongful termination in violation of public policy based on FEHA. He also sought leave to amend his complaint to further clarify that his first cause of action was based on public policies reflected in FEHA and lodged a proposed first amended complaint. In support of his opposition, Prue submitted a separate statement of undisputed and disputed material facts, disputing Brady's assertion that his hernia injury was not considered in Benson/Brady's decision to terminate his employment. Prue asserted: "On or about July 18, 2011, Scott Benson invited . . . Prue into his office after a Safety meeting and informed him that Brady was terminating [him]. When . . . Prue

5

asked Benson why Brady was terminating his employment, Benson pointed [to] Prue'[s] groin and said it was because of Prue's hernia injury." Prue also disputed Brady's assertion that at no time during his employment was it aware of any disability or considered Prue disabled. Prue asserted: "Upon returning to work after being diagnosed with the hernia, [Prue] informed [Benson] that he had been diagnosed with a right inguinal hernia, and that he should refrain from lifting materials while the condition healed." Prue also disputed Brady's assertion that at no time did he request any accommodation for a disability, asserting he requested light duty work, fewer scheduled days so he could rest, and assistance from his apprentice. Prue expressly conceded summary adjudication of his claims other than his first cause of action.

In reply, Brady argued Prue conceded summary adjudication should be granted on the causes of action other than his first cause of action for wrongful termination in violation of public policy. It argued Prue's first cause of action was based solely on alleged violations of Labor Code section 132a and, even were Prue permitted to file a first amended complaint, his amended first cause of action would be premised on FEHA violations and therefore barred by the one-year FEHA statute of limitations. Brady argued Prue's request for leave to file a first amended complaint should be denied because it was procedurally improper, Prue had unreasonably delayed his request for leave to amend, and the delay had prejudiced Brady.

On May 23, 2014, following arguments of counsel, the trial court issued a minute order granting Brady's motion for summary judgment and denying Prue's requests for

6

leave to amend his complaint and continuance of the summary judgment hearing. The court stated:

> "[Prue's] [first] cause of action for wrongful termination in violation of public policy fails because [he] has not pled [Brady] violated a substantial public policy affecting society at large. [Citation.] [Prue's] alleged public policy is Labor Code § 132a, but a violation of section 132a cannot be the basis of a tort action for wrongful termination. [Citation.]
>
> "Moreover, the claim is barred by the statute of limitations. When a plaintiff relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition. [Citation.] A claim under [Labor Code] § 132a is timely filed if within one year after the effective date of the termination. [Citations.] [Prue] was terminated on July 18, 2011. Any § 132a claim had to be filed within one year of that date, or on July 18, 2012. This complaint was not filed until May 23, 2013 and is thus untimely.
>
> "[Prue's] request to file an amended complaint to allege FEHA as the basis for his wrongful termination claim is denied. The FEHA claim is also barred by the one year statute of limitations that begins to run at the time of termination. [Citations.] [¶] Moreover, leave to amend is denied because [Prue] delayed in requesting leave to the prejudice of [Brady], who would need to conduct further discovery, bring additional motions and require the trial to be continued."

The court also granted, in effect, summary adjudication for Brady on Prue's second, third, and fourth causes of action.

On June 3, 2014, the trial court entered judgment for Brady. Prue timely filed a notice of appeal.

7

DISCUSSION

I

*Summary Judgment Standard of Review*

Summary judgment is appropriate if all the papers submitted on a motion for summary judgment show there is no triable issue of any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c.) A defendant moving for summary judgment has the initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) If the moving party meets that burden of production, the burden then shifts to the opposing party to produce admissible evidence showing a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (p)(1).)

" 'A defendant's motion for summary judgment necessarily includes a test of the sufficiency of the complaint. [Citation.] When a motion for summary judgment is used to test whether the complaint states a cause of action, the court will apply the rule applicable to demurrers and accept the allegations of the complaint as true. [Citation.]' " (*American Airlines, Inc. v. County of San Mateo* (1996) 12 Cal.4th 1110, 1117-1118.) When considering a motion for summary judgment as a motion for judgment on the pleadings because the time for filing a demurrer has passed, we must determine whether the facts alleged in the complaint provide a basis for a cause of action under any theory. (*Id.* at p. 1118; *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1232.) In so doing, we treat the properly pleaded allegations of the complaint as true and liberally construe those allegations with a view to attaining substantial justice between the parties.

8

(Code Civ. Proc., § 452; *American Airlines, Inc.*, at p. 1118.) "A party is entitled to any and all relief which may be appropriate under the scope of his [or her] pleadings and within the facts alleged and proved, irrespective of the theory upon which the facts were pleaded, [or] the title of the pleading . . . ." (*Potrero Homes v. Western Orbis Co.* (1972) 28 Cal.App.3d 450, 456; *Cooper v. State Farm Mutual Automobile Ins. Co.* (2009) 177 Cal.App.4th 876, 904.) Because one of the purposes of a complaint is to apprise the defendant of the basis on which the plaintiff seeks recovery, the complaint should set forth the ultimate facts constituting the cause of action and need not set forth the evidence by which the plaintiff proposes to prove those facts. (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211-212.) Accordingly, a complaint "is adequate so long as it apprises the defendant of the factual basis for the claim." (*Birke v. Oakwood Worldwide* (2009) 169 Cal.App.4th 1540, 1549 (*Birke*).) Alternatively stated, a complaint must set forth the essential facts of the plaintiff's case with reasonable precision and with particularity sufficient to acquaint the defendant with the nature, source, and extent of the plaintiff's claim. (*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1120 (*Prakashpalan*).)

On appeal, we review de novo, or independently, a trial court's order granting a motion for summary judgment. (*Beaumont-Jacques v. Farmers Group, Inc.* (2013) 217 Cal.App.4th 1138, 1142.) In so doing, we "consider all the evidence presented by the parties in connection with the motion (except that which was properly excluded) and the uncontradicted inferences that evidence reasonably supports." (*Ibid.*) We view the evidence in the light most favorable to the appellant and resolve all evidentiary disputes

9

and ambiguities in his or her favor.  (*Martinez v. Combs* (2010) 49 Cal.4th 35, 68.)  When reviewing the grant of a motion for summary judgment that is, in effect, a demurrer or motion for judgment on the pleadings, "[w]e have the power, as a reviewing court, to disregard the 'mislabeling' of causes of action, where supported by the record." (*Hernandez v. Lopez* (2009) 180 Cal.App.4th 932, 938.)  In those cases, "our inquiry ends and reversal is required once we determine a complaint has stated a cause of action under any legal theory."  (*Genesis Environmental Services v. San Joaquin Valley Unified Air Pollution Control Dist.* (2003) 113 Cal.App.4th 597, 603.)

II

*Common Law Cause of Action for Wrongful Termination in Violation of Public Policy*

Prue contends the trial court erred by granting Brady's motion for summary judgment because his complaint sufficiently pleaded a common law cause of action for wrongful termination in violation of public policy.  He asserts the facts alleged in his complaint did not, as the court concluded, state a cause of action based on Labor Code section 132a, but rather alleged sufficient facts showing the termination of his employment violated FEHA's public policy against discrimination based on a disability. He further asserts the court erred by concluding the one-year statute of limitations for filing a FEHA private action applied rather than the two-year statute of limitations for common law tort actions for wrongful termination in violation of public policy.  We agree with Prue that the trial court erred.

10

A

In *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, the California Supreme Court held a common law tort cause of action exists for at-will employees against employers who discharge them in violation of fundamental public policy. (*Id.* at p. 177; *Green v. Ralee Engineering Co.* (1998) 19 Cal.4th 66, 71.) It subsequently held such causes of action must be "tethered to fundamental policies that are delineated in constitutional or statutory provisions . . . ." (*Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1095.) "It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1205.) In particular, " '[t]ermination of an employee most clearly violates public policy when it contravenes the provision of a statute forbidding termination for a specified reason . . . .' " (*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1372.)

The California Supreme Court has "established a set of requirements that a policy must satisfy to support a tortious discharge claim. First, the policy must be supported by either constitutional or statutory provisions. Second, the policy must be 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual. Third, the policy must have been articulated at the time of the discharge. Fourth, the policy must be 'fundamental' and 'substantial.' " (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 889-890, fn. omitted (*Stevenson*).) Applying those requirements to FEHA's policy against disability discrimination, the court stated "FEHA clearly

11

delineates a policy against disability discrimination in employment" and concluded "discrimination based on disability . . . violates a 'substantial and fundamental' public policy and can form the basis of a common law wrongful discharge claim." (*Moorpark*, *supra*, 18 Cal.4th at p. 1161.) To establish a cause of action for disability discrimination in violation of FEHA's public policy, a plaintiff must show: "(1) plaintiff suffers from a disability; (2) plaintiff is a qualified individual; and (3) plaintiff was subjected to an adverse employment action [e.g., termination of employment] because of the disability."[4] (*Brundage v. Hahn* (1997) 57 Cal.App.4th 228, 236, fn. omitted.) The employee must also show the employer knew of his or her disability at the time it made the adverse employment decision. (*Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1248.)

B

In moving for summary judgment, Brady argued Prue's first cause of action for wrongful termination in violation of public policy was barred by the workers' compensation exclusivity doctrine under Labor Code sections 132a and 3602 and/or the Labor Code section 132a one-year statute of limitations, and he had not pleaded any public policy that may have been violated by his termination. Because the gist of Brady's motion was not the absence of disputed material facts but was instead whether Prue's complaint alleged sufficient facts to state a cause of action, its motion for summary

---

[4] A plaintiff can show he or she is a qualified individual by proving he or she can perform the essential functions of an employment position. (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 965.)

12

judgment was, in effect, a motion for judgment on the pleadings. (*American Airlines, Inc. v. County of San Mateo*, *supra*, 12 Cal.4th at pp. 1117-1118; *Alliance Mortgage Co. v. Rothwell*, *supra*, 10 Cal.4th at p. 1232.) Accordingly, on appeal from the trial court's order granting Brady's motion, we review de novo the question of law whether Prue's complaint alleged sufficient essential facts to acquaint Brady with the nature, source, and extent of Prue's claim. (*Prakashpalan*, *supra*, 223 Cal.App.4th at p. 1120.) Alternatively stated, Prue's complaint "is adequate so long as it apprises [Brady] of the factual basis for the claim." (*Birke*, *supra*, 169 Cal.App.4th at p. 1549.)

Based on our review of Prue's complaint, we conclude it sufficiently alleged essential facts to inform Brady that he was alleging a common law cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination. In the complaint's preliminary and general allegations, Prue expressly alleged the trial court had jurisdiction over the subject matter of the action and venue based on section 12920, which is part of FEHA. The complaint also alleged Prue was an employee within the meaning of section 12926, subdivision (c), and Brady was an employer within the meaning of sections 12926, subdivision (d), 12940, subdivisions (a), (h), and (j)(4)(A), all of which are provisions of FEHA. More importantly, Prue's first cause of action was titled "For Wrongful Termination in Violation of Public Policy" and alleged in part:

> "18. [Prue] suffered *orthopedic and psychological injuries*.
> [¶] . . . [¶]

> "21. Soon thereafter or on or about June 27, 2011, [Brady] [was] made *aware* that [Prue] *had suffered orthopedic and psychological*

13

*injuries which affected* [his] *musculoskeletal and psychological system*[s] and *work restrictions were given but* [Brady] *retaliated and discriminated against* [Prue] *on account of* reporting and *suffering a work-related injury.*

"22. [Prue] was released from care and despite being capable of completing [his] essential job functions[,] [he] was terminated in July 2011.

"23. On information and belief, and upon that basis [Prue] alleges, that [Brady's] *termination* of [Prue] [was] *motivated by discrimination and/or retaliation on account of* [his] *work-related injury in violation of* Labor Code [section] 132a and *public policy.* [¶] . . . [¶]

"25. It is well established law that *a worker cannot be terminated from his/her employment based solely on a disability.* Actions such as these deeply *offend public policy.* Further, it is well understood that a policy is fundamental when it is carefully tethered to a policy delineated in constitutional or statutory provisions affecting the public at large." (Italics added.)

Based on the allegations in Prue's complaint, it is clear he is alleging a cause of action for wrongful termination in violation of public policy. Furthermore, there are two alternative bases on which he relies as support for the fundamental public policy that allegedly was violated by Brady's termination of his employment (i.e., Lab. Code, § 132a and FEHA). Because Prue asserts on appeal, and we agree, he alleged sufficient facts to state a cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination, we focus on that ground and need not address whether any alternative public policy set forth in Labor Code section 132a (or elsewhere in California's workers' compensation statutes) may also support a cause of action for wrongful termination.

Because Prue's complaint made numerous references to statutory provisions of FEHA and specifically alleged a cause of action for wrongful termination in violation of

14

public policy, Brady was placed on notice that Prue was relying, at least in part, on public policies set forth in FEHA. Prue's complaint specifically referred to section 12920, which provides: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to . . . hold employment without discrimination . . . on account of . . . physical disability . . . ." Section 12940 provides it is unlawful for an employer to discriminate against an employee (e.g., by discharging the employee from employment) based on his or her physical disability. Prue's complaint specifically alleged he suffered an injury to his musculoskeletal system that limited his work. Based on those allegations, Brady was apprised that Prue was alleging a cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination. Although Prue did not expressly cite FEHA's statutory definition of a physical disability, Brady could have, and should have, readily ascertained that definition by referring to FEHA's section 12926, subdivision (m), which defines a "physical disability" as including any physiological disorder or condition that both "[a]ffects one or more of the following body systems:  . . . musculoskeletal . . . [¶] [and] [l]imits a major life activity [e.g., working]."

Under FEHA, a major life activity is limited without regard to mitigating measures, such as reasonable accommodations. (§ 12926, subd. (m)(1)(B)(i).)  Prue's complaint alleged all of the facts necessary to state a cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination. It alleged: (1) Prue suffered from a disability (i.e., a musculoskeletal injury); (2) he was capable of performing the essential functions of his position; (3) he was subjected to an

15

adverse employment action (i.e., termination of his employment) because of his disability; and (4) Brady knew of his disability when it decided to terminate his employment. (*Brundage v. Hahn*, *supra*, 57 Cal.App.4th at p. 236; *Avila v. Continental Airlines, Inc.*, *supra*, 165 Cal.App.4th at p. 1248.) It further alleged Brady's termination of his employment was motivated by discrimination on account of his work-related injury/disability in violation of public policy. Based on our independent review of Prue's complaint, we conclude it alleged sufficient essential facts to acquaint Brady with the factual basis for, and the nature, source, and extent of, his cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination. (*Prakashpalan*, *supra*, 223 Cal.App.4th at p. 1120; *Birke*, *supra*, 169 Cal.App.4th at p. 1549.)

C

Contrary to Brady's assertion and the trial court's conclusion, Prue's complaint did not allege only a cause of action for violation of Labor Code section 132a. That statute provides: "Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer . . . is guilty of a misdemeanor and the employee's compensation shall be increased by one-half . . . . Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer." (Lab. Code, § 132a, subd. (1).) Prue's complaint did *not* allege a Labor Code section 132a cause of action for discharge or other discrimination because he filed, or intended to file, a worker's compensation

16

claim. Rather, by referring to Labor Code section 132a, Prue's complaint, at most, alleged that statute sets forth a fundamental statutory public policy on which a cause of action for wrongful termination in violation of public policy could be based.[5] However, as we concluded above, any reference to, or reliance on, Labor Code section 132a as a basis for Prue's common law cause of action for wrongful termination of public policy is merely as an *alternative* public policy ground for that cause of action. Because we conclude Prue's complaint sufficiently alleged a common law cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination, we need not address, and do not decide, whether that cause of action could also have been based on the alternative ground of the public policy stated in Labor Code section 132a.[6]

In any event, to the extent the trial court concluded Labor Code section 132a is the exclusive remedy for work-related injury discrimination, it erred. The California Supreme Court held "[Labor Code] section 132a does not provide an exclusive remedy and does not preclude an employee from pursuing FEHA and common law wrongful discharge remedies." (*Moorpark*, *supra*, 18 Cal.4th at p. 1158.) The court further stated:

_____

[5] The preface to Labor Code section 132a states: "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment."

[6] We further note Prue's arguments on appeal focus solely on FEHA's public policy against disability discrimination. We therefore conclude he has, in effect, abandoned any alternative basis for his cause of action for wrongful termination in violation of public policy (e.g., Lab. Code, § 132a).

"In addition, disability discrimination can form the basis of a common law wrongful discharge claim." (*Id*. at p. 1161.) Accordingly, the court concluded the trial court correctly overruled the defendant's demurrer to the plaintiff's FEHA and common law wrongful discharge claims. (*Ibid*.; cf. *Fretland v. County of Humboldt* (1999) 69 Cal.App.4th 1478, 1481, 1486 [trial court erred by concluding plaintiff's cause of action for disability discrimination in violation of FEHA was barred by the exclusive remedy provisions of the workers' compensation laws].) *Dutra v. Mercy Medical Center Mt. Shasta* (2012) 209 Cal.App.4th 750 and the other cases cited by Brady are factually inapposite to this case and do not persuade us to reach a contrary conclusion.

D

Contrary to Brady's assertion and the trial court's conclusion, Prue's common law tort cause of action for wrongful termination in violation of public policy is not barred by FEHA's one-year statute of limitations. Instead, Code of Civil Procedure section 335.1 applies, providing a two-year statute of limitations for tort actions based on injuries to plaintiffs caused by the wrongful act or neglect of others. Effective January 1, 2003, Code of Civil Procedure section 335.1 replaced Code of Civil Procedure former section 340, which provided a one-year statute of limitations for personal injury actions. (Stats. 2002, ch. 448, § 1.)

In *Carmichael v. Alfano Temporary Personnel* (1991) 233 Cal.App.3d 1126, we concluded: "Because Carmichael's [common law claims for employment discrimination] are independent of FEHA, the [one-year] limitations period set forth in [FEHA] [does] not bar his claims." (*Id*. at p. 1132.) In so concluding, we implicitly held the applicable

18

statute of limitations is the general statute of limitations for tort actions (i.e., Code Civ. Proc., former § 340 [then one year]).  Likewise, *Wade v. Ports America Management Corp.* (2013) 218 Cal.App.4th 648, stated that "the FEHA has a one-year limitations period (Gov. Code, § 12965, subd. (b)), not applicable to common law claims for wrongful termination in violation of public policy against racial [and other statutorily-prohibited] discrimination."  (*Id*. at p. 656.)

More importantly, in *Barton v. New United Motor Manufacturing, Inc., supra,* 43 Cal.App.4th 1200, the court concluded: "Because the primary nature of the right sued upon in a *Tameny* wrongful termination action is personal, the trial court in this case correctly applied the [then] one-year statute of limitations specified in [Code of Civil Procedure, former section 340]." (*Id*. at p. 1209, fn. omitted.)  Based on the above cases, we conclude the two-year statute of limitations under Code of Civil Procedure section 335.1 applies to a common law tort cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination.  Accordingly, Prue's common law *Tameny* action for wrongful termination was timely filed in April 2013 (i.e., within two years of the July 2011 termination of his employment).  The trial court erred by concluding that cause of action was subject to FEHA's one-year statute of limitations and thus was untimely filed.

We reject Brady's argument that FEHA's one-year statute of limitations must instead apply to Prue's common law wrongful termination cause of action.  In *Stevenson*, *supra*, 16 Cal.4th 880, the California Supreme Court stated:

"[W]hen a plaintiff relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, *the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition, but the common law claim is not subject to statutory procedural limitations affecting only the availability and scope of nonexclusive statutory remedies*."  (*Id*. at p. 904, italics added.)

Accordingly, *Stevenson* held the plaintiff's failure to exhaust administrative remedies under FEHA did not preclude his assertion of a nonstatutory (i.e., common law) tort claim for wrongful termination in violation of public policy.  (*Id*. at p. 905.)

Because FEHA's provisions may provide the policy basis for a common law tort claim for wrongful termination in violation of public policy, that "tort claim is tethered to the meaning of the FEHA."  (*Estes v. Monroe* (2004) 120 Cal.App.4th 1347, 1355.) Therefore, we look to the substantive provisions regarding the nature and scope of FEHA's prohibition against disability discrimination in determining the nature and scope of a viable common law tort cause of action for wrongful termination in violation of FEHA's policy against disability discrimination.  Such a cause of action is not, however, subject to the procedural requirements or limitations affecting only the availability and nature of nonexclusive remedies under FEHA.  (*Stevenson, supra*, 16 Cal.4th at p. 904.) We apply *Stevenson*'s reasoning to the facts in this case and conclude FEHA's one-year statute of limitations (§ 12965) for a private right of action under FEHA is only a procedural limitation and does not affect the substantive nature and scope of its statutory prohibitions.  Therefore, contrary to Brady's apparent assertion, FEHA's one-year statute

20

of limitations does *not* apply to Prue's common law tort cause of action for wrongful termination in violation of FEHA's public policy against disability discrimination.[7]

III

*Denial of Leave to Amend Complaint*

Prue alternatively contends the trial court erred by denying his request for leave to more fully allege facts in support of his common law tort cause of action for wrongful termination in violation of public policy and/or by not continuing the hearing on Brady's motion for summary judgment. However, because we concluded above that Prue's original complaint alleged sufficient facts stating a cause of action for a common law tort cause of action for wrongful termination in violation of public policy, we need not address or decide whether the trial court also erred by denying Prue's request for leave to amend his complaint and/or continue the hearing on the summary judgment motion.

In any event, assuming arguendo Prue's complaint did not fully allege all essential facts to state a common law tort cause of action for wrongful termination in violation of public policy, we nevertheless conclude the trial court abused its discretion by denying leave for Prue to amend his original complaint. In the course of deciding a motion for

---

[7] Contrary to Brady's apparent assertion, in *Acuna v. San Diego Gas & Electric Co.* (2013) 217 Cal.App.4th 1402, we did not expressly address or decide the issue of what statute of limitations applies to a common law tort cause of action for wrongful termination in violation of public policy. Likewise, *Williams v. Pacific Mutual Life Ins. Co.* (1986) 186 Cal.App.3d 941, cited by Brady, is factually inapposite because it did not address or decide what statute of limitations applies to a common law tort cause of action for wrongful termination in violation of public policy. Rather, it decided only the statute of limitations applicable to a private action under FEHA. (*Id*. at pp. 948-949.)

summary judgment, if a trial court concludes the complaint is insufficient as a matter of law, it "may elect to treat the hearing of the judgment motion as a motion for judgment on the pleadings and grant the opposing party an opportunity to file an amended complaint to correct the defect." (*Hobson v. Raychem Corp.* (1999) 73 Cal.App.4th 614, 625.) We agree with one authority's discussion of how a trial court should proceed in such a case, stating: "[T]he action should not be dismissed. Rather, it should be treated the same as if a motion for judgment on the pleadings were granted. Plaintiff should be given leave to amend the complaint to cure the defect (assuming the defect is curable). Summary judgment should be stayed pending the amendment." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶ 10:52.5, p. 10-24.)

Furthermore, the California Supreme Court has noted regarding "procedures which apply to demurrers, motions for summary judgment, and motions for judgment on the pleadings, the trial court should . . . allow an opportunity to amend the complaint to include the missing allegations [that make a complaint legally insufficient]." (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 719, fn. 5.) Accordingly, "if summary judgment is granted on the ground that the complaint is legally insufficient, but it appears from the materials submitted in opposition to the motion that the plaintiff could state a cause of action, the trial court should give the plaintiff an opportunity to amend the complaint before entry of judgment." (*Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1663.) Furthermore, a request for leave to amend a complaint need not be made before a hearing on a motion for summary judgment; rather, it may be made

22

at the hearing or any time before entry of judgment. (*Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 264, fn. 8.) Denial of leave to amend a complaint is an abuse of discretion unless the complaint shows on its face that it is incapable of amendment to state a viable cause of action. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967; *Vernon v. State of California* (2004) 116 Cal.App.4th 114, 133.) Based on the above authorities, we reject Brady's assertions that the trial court properly denied Prue's request for leave to amend his complaint because his request was procedurally improper, untimely or unreasonably delayed, and granting leave to amend would unfairly prejudice Brady.

DISPOSITION

The judgment is reversed and the matter is remanded with directions that the trial court vacate its order granting Brady's motion for summary judgment and issue a new order denying that motion, but granting Brady's motion for summary adjudication of Prue's second, third, and fourth causes of action. Prue shall recover his costs on appeal.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.

23

Filed 12/11/15

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ADAM PRUE, | D066404 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00042672-CU-WT-CTL) |
| BRADY COMPANY/SAN DIEGO, INC., | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Respondent. | |

THE COURT:

The opinion filed November 17, 2015, is ordered certified for publication.

McCONNELL, P. J.

Copies to: All parties

24