Filed 4/4/25  Ammari v. City of Burbank CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| SAMI AMMARI, | B338844 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV46348) |
| v. | |
| CITY OF BURBANK, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alison M. Mackenzie, Judge.  Affirmed.

George M. Wallace for Plaintiff and Appellant.

Joseph McDougall, City Attorney, and Rodolfo Aguado III, Senior Assistant City Attorney, for Defendant and Respondent.

Rather than file an opposition to a summary judgment motion, the plaintiff in this case sought to amend his pleading a second time. The trial court ruled that plaintiff had known of the grounds for the proposed amendments for months, and that his motion to amend was unjustifiably delayed. Because this ruling was not an abuse of discretion, we affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts

Sami Ammari (plaintiff) has two vans registered in his name, each of which bears placards advertising "backpage," an adult entertainment website. Between August 2021 and March 2022, plaintiff would park these vans along public streets in the City of Burbank, California (the City). In August 2021, one of plaintiff's vans was cited and impounded for parking on the street for more than 72 hours, in violation of Burbank Municipal Code section 6-1-1010. In October 2021, plaintiff's other van was cited and impounded for parking on the street for more than 72 hours. In March 2022, the first van was again cited, but not impounded, for parking on the street for more than 72 hours.

### II.   Procedural Background

#### A.    *Pleadings*

On December 20, 2021, plaintiff sued the City. In the operative first amended complaint filed on May 31, 2022, plaintiff alleged that (1) Burbank Municipal Code section 6-1-1010 was preempted by the California Vehicle Code because that section impermissibly erects a presumption that treats "successive acts of parking in the same block" as "be[ing] a single act of parking" for purposes of calculating the 72-hour limit; (2) Burbank Municipal Code section 6-1-1010 violates due process because

that section "does not provide advanced notice or an opportunity to cure the perceived violation prior to seizing and impounding the vehicle" and is unconstitutionally "vague" (due process claim); (3) the City was violating plaintiff's state "privileges or immunities" by selectively enforcing the 72-hour ordinance against him based on the content of the signs on his vehicles; and (4) the City was violating his First and Fourteenth Amendment rights, in violation of title 42 United States Code section 1983, by selectively enforcing the ordinance (section 1983 claim).

**B.** *Summary judgment*

On September 27, 2023, the City moved for summary judgment. The parties stipulated to continue the hearing on the motion until February 15, 2024; this made plaintiff's opposition due on February 1, 2024.

Plaintiff did not file any opposition to the summary judgment motion. Instead, plaintiff on February 8, 2024, filed a request to continue the summary judgment hearing and on February 13, 2024, filed a request for leave to file a second amended complaint. In these filings, plaintiff sought to "raise[] additional grounds" (1) in support of his due process claim (namely, adding a challenge to the City's practices "concerning pre-impound notification"), which plaintiff asserted that he learned of for the first time at a January 17, 2024, deposition of the City's traffic control officer, and (2) in support of his section 1983 claim (namely, adding a Fourth Amendment sub-claim), which plaintiff asserted that he learned of when he "came across" the decision of *Coalition on Homelessness v. City and County of San Francisco* (2023) 93 Cal.App.5th 928 (*Coalition*) on February 1, 2024.

The trial court held the hearing on the City's summary judgment motion as scheduled. The court entertained argument on plaintiff's request for a continuance and his request for leave to file the second amended complaint. The court denied both requests, reasoning that plaintiff's two requests were untimely, that plaintiff "provide[d] no explanation for why [he] waited until the afternoon of the deadline [of the summary judgment opposition] to conduct research related to opposing the summary judgment motion," and that the request to amend had "no merit" because the section 1983 claim was already pleaded broadly enough to encompass the Fourth Amendment sub-claim. The court then evaluated the merits of the City's summary judgment motion, and ruled that the City had carried its burden of establishing its entitlement to judgment as a matter of law on plaintiff's claims. Judgment was entered for the City that day.

## C. *Motion for new trial*

Plaintiff then filed a motion for new trial asking the trial court to vacate the judgment and allow him to file the second amended complaint. Plaintiff clarified that he would amend his due process claim to challenge the City's practice of not providing vehicle owners "additional notice . . . prior to impound" if a car is moved and a new 72-hour period begins to tick. After further briefing, the trial court denied plaintiff's motion.

## D. *Appeal*

Plaintiff filed this timely appeal.

## DISCUSSION

On appeal, plaintiff challenges the trial court's order denying him leave to file his second amended complaint. Because a summary judgment motion is directed to—and hence limited by—the operative complaint (*Huntsman-West Foundation v.*

*Smith* (2024) 104 Cal.App.5th 1117, 1133; *Distefano v. Forester* (2001) 85 Cal.App.4th 1249, 1264-1265), a party "seek[ing] to avoid summary judgment by going outside the pleadings" in order to state a viable cause of action must "move to amend" those pleadings (*Dang v. Smith* (2010) 190 Cal.App.4th 646, 664, italics omitted; *Bostrom v. County of San Bernardino* (1995) 35 Cal.App.4th 1654, 1663). Generally speaking, "leave to amend should be liberally granted." (*Miles v. City of Los Angeles* (2020) 56 Cal.App.5th 728, 739; *Bostrom*, at p. 1664; *Hulsey v. Koehler* (1990) 218 Cal.App.3d 1150, 1159; see also *Prue v. Brady Co./San Diego, Inc.* (2015) 242 Cal.App.4th 1367, 1384-1385.) However, a trial court retains discretion to deny such leave when amendment is not sought in a timely fashion; in other words, "unwarranted delay justifies denial of leave to amend." (*Miles*, at p. 739; *Melican v. Regents of University of California* (2007) 151 Cal.App.4th 168, 175; *Dang*, at p. 664 [leave to amend must be sought "in a timely fashion"]; *Hulsey*, at p. 1159 ["'long unexplained delay'" is a basis to deny leave to amend]; *Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 224 ["unreasonable delay" justifies denial].) Leave to amend may also be denied if the complaint is "incapable of amendment to state a viable cause of action." (*Prue*, at p. 1385; *Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746.) We review the denial of leave to amend for an abuse of discretion. (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280-1281.)

The trial court did not abuse its discretion in denying plaintiff leave to amend because, as to each of the two proffered grounds for amendment, plaintiff did not seek amendment in a timely fashion.

Plaintiff sought to amend his due process claim to allege that the City did not give vehicle owners new notice of a parking violation each time City parking officials restarted the 72-hour clock, even though those officials would restart the clock whenever a vehicle was moved to a different parking location in the same area. The *legal* basis for plaintiff's amended claim based on this new allegation is a federal appellate decision from 2020. (*Grimm v. City of Portland* (9th Cir. 2020) 971 F.3d 1060, 1062-1064.) The *factual* basis for this amended claim was set forth in the declaration of one of the City parking officials who issued the citations for plaintiff's vehicles, and that declaration accompanied the City's summary judgment motion filed in September 2023. In that declaration, the official spells out the City's practice of "restart[ing]" "the 72-hour period" if a vehicle is moved but "remains in the vicinity of where the vehicle was initially reported as abandoned"; critically, the declaration does not mention any practice of providing notice to vehicle owners that the 72-hour period has been restarted. Thus, plaintiff had the factual basis to support his newly conceived due process claim at the time the City filed its summary judgment motion, long before the individual parking official who filled out the declaration presumably repeated his statements during a January 17, 2024, deposition.[1] Thus, the trial court did not abuse its discretion in finding that plaintiff's decision not to seek to amend his complaint until *after* his summary judgment opposition was due—and while being in possession of the purported new facts for more than four months—was an unjustified delay.

---

[1] The deposition testimony is not included in the record.

Plaintiff sought to amend his section 1983 claim to allege that the City's practice of impounding vehicles that violate the 72-hour parking rule without first obtaining a warrant violates the Fourth Amendment.  The *legal* basis for this amended claim is the *Coalition* decision.  However, that decision was handed down on July 21, 2023.  What is more, the City cited to the *Coalition* decision in its motion for summary judgment.  Thus, the trial court did not abuse its discretion in finding that plaintiff's decision not to seek to amend his complaint until *after* his summary judgment opposition was due—and while being on notice of the new appellate decision for at least four, if not six, months—was an unjustified delay.  Further, because *Coalition* holds that a warrant is necessary only for "*legally* parked cars" (*Coalition*, *supra*, 93 Cal.App.5th at pp. 936, 941-942 & fn. 10), and because plaintiff's vans were not legally parked at the time they were impounded (as they were parked in violation of the City's ordinance), plaintiff's proffered amendment to the section 1983 claim would not state a viable cause of action in any event.

## DISPOSITION

The judgment is affirmed.  The City is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.
HOFFSTADT

7

We concur:

_____, J.
 BAKER


_____, J.
 MOOR